**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | Civil Action No. 4:25-cv-00479 |
| Plaintiff, | |
| v. | |
| HARRIS COUNTY, TEXAS, | |
| Defendant. | |

**PLAINTIFF'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER**

On March 17, 2026, Defendant Harris County noticed its intent to serve subpoenas duces tecum on seven small, nonparty landscaping firms—simply because these nonparty firms may have once communicated with Plaintiff Landscape Consultants of Texas, Inc. (Landscape Consultants).[1] The subpoenas seek over seven years of documents encompassing not only Harris County contracts, but *any* client Landscape Consultants and the nonparty worked with together. Ex. A. Serving the subpoenas will permanently damage Landscape Consultants' business relationship with these seven nonparty firms—relationships that are required by Harris County in order to bid on its public contracts. The seven nonparty subpoenas should be quashed, or alternatively, a protective order issued to prevent irreparable harm to Landscape Consultants.

**BACKGROUND**

In this civil rights lawsuit, Landscape Consultants alleges two purely legal claims against Harris County: that Harris County's race-conscious Minority- and Woman-Owned Business Enterprise (MWBE) program (1) violates the Fourteenth Amendment's Equal Protection Clause by using racial classifications that are not narrowly tailored to a compelling government interest;

---

[1] Harris County has agreed to suspend service of the nonparty subpoenas until this Motion is resolved.

and (2) denies Landscape Consultants the full and equal benefit of the laws within the meaning of 42 U.S.C. § 1981. Dkt. 1 ¶¶ 84–102. The case is currently in discovery, which closes on April 17, 2026. Dkt. 29.

Landscape Consultants is a small, family-owned landscaping company that derives approximately 80–90 percent of its annual income from contracts with governmental entities, including Harris County. Ex. B, J. Thompson Dep. Tr. 13:9, 19:6–9. Landscape Consultants is not certified as a minority-owned business enterprise or woman-owned business enterprise. *Id*. at 18:16–21. Harris County implemented its MWBE program in November 2020. Ex. C at HCO-000184. Through this program, Harris County attaches MWBE goals to public contracts, including landscaping contracts. For example, a contract with a ten percent MWBE goal means that 10 percent of the contract's value must be spent with a MWBE firm. Per Harris County policy, firms that are not owned by minorities or women must attempt to subcontract with an MWBE firm to satisfy the goal. Ex. C at HCO-000196. However, firms that are owned by minorities or women may keep the MWBE goal's value by performing the work with its own employees. *Id*.

Because Landscape Consultants is not an MWBE firm, it must attempt to subcontract with an MWBE firm every time it bids on a Harris County contract. Ex. C at HCO-000199 ("A Bidder must either meet the Contract Goal or establish its Good Faith Efforts to do so."). If Landscape Consultants is unable to find a MWBE firm willing to subcontract, it can ask Harris County to approve a waiver through the program's "Good Faith Efforts" policy. *Id*. at HCO-000200–01. However, Landscape Consultants cannot fulfill the "Good Faith Efforts" policy without first engaging with MWBE subcontractors. *Id*.

The seven nonparty firms targeted by Harris County's subpoenas are competitor landscaping firms who Landscape Consultants has communicated with in the past about

subcontracting in order to meet an MWBE goal on a Harris County contract. Ex B at 109:21–24 (Allende Construction LLC), 125:1–5 (Ary's Landscaping, LLC), 139:19–140:5 (Home Sweet Home, USA Amtech, Smartscaping, Monarch Landscaping). One nonparty firm, Monarch Landscaping, regularly subcontracts with Landscape Consultants. Ex. B at 34:21–25. Like Landscape Consultants, the nonparty firms are also small businesses. Ex. D ¶ 10. The seven nonparty firms represent the pool of MWBE firms Landscape Consultants has communicated with about subcontracting, as required by Harris County to bid on Harris County landscaping contracts. *Id*. ¶¶ 7–8. These are also the firms that Landscape Consultants seeks out to fulfill similar MWBE requirements when bidding on contracts with the City of Houston and other local governmental entities with MWBE programs. *Id*. ¶ 9.

## MOTION TO QUASH

A district court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Generally, a party does not have standing to quash a subpoena duces tecum issued to a nonparty on the grounds that the subpoena imposes an undue burden on the nonparty. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (A party may object to a nonparty subpoena only if the party asserts a "personal right or privilege with respect to the materials subpoenaed."). However, Landscape Consultants does not object that the subpoenas create an undue burden *on the nonparties*—that objection is reserved for the nonparties. *See La. Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 500 (E.D. La. 2023). Instead, Landscape Consultants objects that the subpoenas create an undue burden *on Landscape Consultants*. Specifically, receiving the subpoenas will signal a clear message to the nonparties—contracting with Landscape Consultants brings legal trouble. Not only will this result in the nonparties refusing to subcontract with Landscape Consultants in the future, but word will spread

throughout the interconnected business community within which Landscape Consultants operates—effectively foreclosing the very business relationships it is required to pursue in order to bid on and perform Harris County contracts.

Though governed by Rule 45, the nonparty subpoenas are subject to the same parameters established by Rule 26. *Arthur J. Gallagher & Co. v. O'Neill*, No. 2:17-cv-02825, 2017 WL 5713361, at *2 (E.D. La. Nov. 27, 2017). The information sought must be both relevant and proportional to the needs of the case, and the scope of discovery permissible against a nonparty is no broader than that permitted against a party. *MetroPCS v. Thomas*, 327 F.R.D. 600, 609–10 (N.D. Tex. 2018). In determining whether a subpoena presents an undue burden, courts consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The factors weigh in favor of quashing the subpoenas.

*First*, the documents sought are not relevant to any defense. They are certainly unconnected to the two affirmative defenses raised in Harris County's Answer: that Landscape Consultants' claims are not ripe because Harris County intends to update its MWBE program, and that standalone section 1981 claims are void as a matter of law. Dkt. 14 at 11. Instead, Harris County appears to be pursuing an argument related to whether Landscape Consultants complied with Harris County's good faith efforts policy by engaging with potential MWBE subcontractors. But "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. La. Health Serv. Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (quoting *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010).

Harris County's subpoenas have no bearing on the purely legal claims at issue in this case: whether Harris County's race-based public contracting program survives strict scrutiny and denies Landscape Consultants the full and equal benefit of the laws within the meaning of 42 U.S.C. § 1981.

Harris County may also be fishing for evidence that Landscape Consultants lacks standing to bring its equal protection and Section 1981 claims. The nonparty subpoenas are equally irrelevant here; Landscape Consultants' compliance with Harris County's good faith efforts policy has no bearing on Landscape Consultants' Article III standing. In fact, Landscape Consultants would still have standing to challenge the MWBE program even if it had never bid on a single Harris County contract, much less made good faith efforts. To establish standing in a forward-looking equal protection challenge to a racial set-aside program like Harris County's MWBE program, a party "need only demonstrate that it is able and ready to bid on contracts and that a discriminatory policy prevents it from doing so on an equal basis." *N.E. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993).

*Second*, Harris County does not need the requested documents. As discussed above, they are unrelated to the affirmative defenses raised in Harris County's Answer and to Landscape Consultants' Article III standing. The subpoenas also request documents that are already in Harris County's possession (like contracts with Harris County) or already included in document requests to Landscape Consultants. *See* Ex. E, Nos. 1–3, 5–8, 11–13, 16; Ex. F, Nos. 46–51.

*Third*, Requests 3 and 8 are overbroad. They are not limited to Harris County contracts and encompass any work the nonparty and Landscape Consultants did for any client. Ex. A, Nos. 3, 8. Landscape Consultants' business relationships with the seven nonparty firms extends beyond Harris County contracts, and such a broad intrusion into the nonparty's work with other clients

5

unrelated to this lawsuit will exacerbate the nonparty's negative response towards Landscape Consultants should the subpoenas be served.[2]

*Fourth*, five of the eight requests seek documents dating back approximately six or more years—before Harris County's MWBE program or its good faith efforts policy were adopted on November 10, 2020. Ex. A, Nos. 1–5. The remaining requests have no temporal limit at all. *Id*. at Nos. 6–8.

*Finally*, if the subpoenas are not quashed, the damage to the business relationships between Landscape Consultants and the nonparties will be permanent—the bell cannot be unrung. The nonparties are not large corporations or counties for whom federal subpoenas are a daily occurrence. They are small businesses that will hold Landscape Consultants responsible for the time, money, and resources they must expend to object to or comply with the subpoenas. Landscape Consultants cannot bid on a Harris County contract without first engaging with MWBE subcontractors like the nonparties. The nonparty subpoenas will not only damage Landscape Consultants' business relationships, they threaten its ability to do business with Harris County at all.

To prevent this irreversible damage, this Court should grant Landscape Consultants' Motion to Quash.[3]

---

[2] The subpoenas would also encompass confidential information regarding how Landscape Consultants and the nonparties competitively price their bids to Harris County and other clients. Landscape Consultants and Harris County have agreed to resolve this concern by designating all nonparty production as "attorneys' eyes only." However, Landscape Consultants cannot know whether this agreement will also resolve the concerns of the nonparties. Landscape Consultants reasonably believes that Harris County subpoenaing confidential information regarding how the nonparties price their work for Harris County (and other clients) is a primary reason the nonparties will sever business relations with Landscape Consultants. Ex. D ¶¶ 16–18.

[3] While courts typically hold that "modification of a subpoena is preferable to quashing it outright," *Wiwa*, 392 F.3d at 818, in this instance quashing the nonparty subpoenas outright is the only remedy that will prevent permanent harm to Landscape Consultants.

**MOTION FOR PROTECTIVE ORDER**

Should this Court determine that Landscape Consultants lacks standing to quash the nonparty subpoenas under Rule 45, a protective order prohibiting service of the subpoenas is an alternative path to the same relief. There is no question that Landscape Consultants has standing to pursue a protective order under Rule 26(c). *Wagner v. Harris Co.*, No. 4:23-CV-2886, 2025 WL 950088, at *9 (S.D. Tex. Mar. 28, 2025) ("[A] party has standing to move for a protective order pursuant to Rule 26(c) … even if the party does not have standing pursuant to Rule 45(d)."). Rule 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Courts have broad discretion in determining whether to issue protective orders. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

Here, a protective order preventing service of the nonparty subpoenas is necessary to stop irreversible harm to Landscape Consultants' business relationships with the nonparty firms. Good cause to protect a party from "annoyance, embarrassment, oppression, undue burden or expense" exists when disclosure will result in a "clearly defined and serious injury to the party seeking the protective order." Fed. R. Civ. P. 26(c)(1); *La. Corral Mgmt.*, 650 F. Supp. 3d at 501. As described in Mr. Thompson's declaration, the injury Landscape Consultants seeks to prevent is both clearly defined and serious. Ex. D; *see In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curium) (denying motion for protective order where motion was not supported by affidavits or other evidence).

Per Mr. Thompson's declaration, the nonparty firms are small companies who will react negatively towards Landscape Consultants if served with a subpoena duces tecum. Ex. D ¶¶ 13–14. The nonparty firms almost certainly do not have in-house legal counsel, so will likely incur the

expense of hiring an attorney to object to or comply with the subpoenas. *Id*. ¶ 11. Compliance is not simple; the subpoenas demand documents dating back over six years and encompassing clients beyond Harris County. Compliance also requires turning over confidential competitive information related to bid pricing and client strategies. Based on its knowledge and experience in the landscaping community and its experience with the nonparties in particular, Landscape Consultants believes the nonparties will view the subpoenas as Landscape Consultants dragging the nonparties into a lawsuit the nonparties do not want to participate in (and in some cases may not support), costing time and legal fees they do not wish to expend, in order to turn over documents with confidential information. *Id*. ¶¶ 12–13, 16-18. It is very likely, if not certain, that the nonparties will respond by refusing to subcontract with Landscape Consultants if a protective order does not issue. *Id*. ¶ 14; *see Kilmon v. Saulsbury Indus., Inc.*, No. 7:17-CV-00099, 2018 WL 5800759, at *4 (W.D. Tex. Feb. 13, 2018) (Rule 26(c) protective order appropriate where a party "believes its own interest is jeopardized by discovery sought from a third person" (citation omitted)). This clearly defined, serious injury can only be prevented by a protective order prohibiting service of the seven nonparty subpoenas.

**CONCLUSION**

For the foregoing reasons, this Court should grant Plaintiff Landscape Consultants' Motion to Quash Defendant Harris County's seven nonparty subpoenas duces tecum noticed on March 17, 2026. In the alternative, this Court should issue a protective order prohibiting service of the seven

nonparty subpoenas duces tecum, and for such other and further relief to which Landscape Consultants may be justly entitled.

       DATED: March 23, 2026.

Respectfully submitted,

/s/ Erin E. Wilcox

Laura M. D'Agostino*                    Erin E. Wilcox
*Of Counsel*                          *Attorney-in-Charge*
D.C. Bar No. 241868              Cal. Bar No. 337427
Pacific Legal Foundation         S.D. Tex. Bar No. 3369027
3100 Clarendon Blvd.             Pacific Legal Foundation
Suite 1000                        555 Capitol Mall
Arlington, VA 22201              Suite 1290
Telephone: (202) 888-6881     Sacramento, CA 95814
Fax: (916) 419-7747              Telephone: (916) 419-7111
LDAgostino@pacificlegal.org    Fax: (916) 419-7747
                                        EWilcox@pacificlegal.org

*Pro Hac Vice

*Counsel for Plaintiff*

9

## CERTIFICATE OF CONFERENCE

I certify that on March 20, 2026, pursuant to LR 7.1(D), counsel for movant conferred via videoconference with counsel for Defendant regarding movant's intent to seek a protective order from the seven nonparty subpoenas duces tecum noticed on March 17, 2026. Counsel for the parties were unable to agree about the disposition of this Motion.

/s/ Erin E. Wilcox
Erin E. Wilcox

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all parties on March 23, 2026, via this Court's CM/ECF filing system.

/s/ Erin E. Wilcox
Erin E. Wilcox