**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § § | |

---

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE *SUBPOENA DUCES TECUM* ON NONPARTY ALLENDE CONSTRUCTION, LLC**

---

TO:   Plaintiff Landscape Consultants of Texas, Inc., by and through its attorneys of record, Erin Wilcox and Laura D'Agostino, Pacific Legal Foundation, 555 Capitol Mall, Ste. 1290, Sacramento, CA, 95814.

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Defendant Harris County, Texas hereby provides notice of its intent to serve the Subpoena Duces Tecum appended hereto on nonparty, Allende Construction, LLC ("Allende"), for the production of all documents responsive to the document requests listed in Exhibit A of the Subpoena that are in its possession, custody, or control. Service of the Subpoena will be effectuated on Allende in seven (7) days.

# Exhibit A

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM ON NONPARTY**                                                                 **PAGE 1**

**Dated: March 17, 2026**               Respectfully submitted,

/s/ *Lauren Brogdon*

Lauren Brogdon, Attorney-in-Charge
Texas State Bar No. 24082736
S.D. Tex. Bar No. 1708833
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2006
Facsimile: (713) 236-5474
*lauren.brogdon@haynesboone.com*

Jonathan Fombonne
Harris County Attorney
Harris County, Texas
Texas State Bar No. 24102702
S.D. Tex. Bar No. 3016436
1019 Congress Plaza, 15th Floor
Telephone: (713) 274-5101
Facsimile: (713) 755-8924
*jonathan.fombonne@harriscountytx.gov*

**ATTORNEYS FOR HARRIS COUNTY, TEXAS**

**OF COUNSEL:**

| | |
|---|---|
| Mark Trachtenberg<br>State Bar No. 24008169<br>S.D. Tex. Bar No. 24584<br>HAYNES AND BOONE, LLP<br>1221 McKinney Street, Suite 4000<br>Houston, Texas 77010<br>Telephone: (713) 547-2006<br>Facsimile: (713) 236-5474<br>*mark.trachtenberg@haynesboone.com* | John W. Turner<br>State Bar No. 24028085<br>S.D. Tex. Bar No. 29803<br>HAYNES AND BOONE, LLP<br>2801 N. Harwood Street, Suite 2300<br>Dallas, Texas 75201<br>Telephone: (214) 651-5671<br>Facsimile: (214) 200-0780<br>*john.turner@haynesboone.com* |

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served on counsel for Plaintiffs by email on March 17, 2026.

/s/ *Lauren Brogdon*

Lauren Brogdon

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Landscape Consultants of Texas, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:25-cv-00479 |
| | ) |
| Harris County, Texas | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Allende Construction, LLC, c/o Enrique Allende-Garcia, 24446 Dartford Springs Ln, Katy, TX 77494

*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *See* **Exhibit A,** attached hereto.

| Place: Haynes and Boone, LLP<br>c/o Lauren Brogdon<br>1221 McKinney St., Ste. 4000<br>Houston, TX 77010 | For electronic delivery option, *see* **Exhibit A**, attached hereto. | Date and Time: No later than:<br>**April 16, 2026, at 10:00 a.m.** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 24, 2026

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Harris County, Texas _____ , who issues or requests this subpoena, are:

Lauren Brogdon, 1221 McKinney St., Ste. 4000, Houston, TX 77010, lauren.brogdon@haynesboone.com, (713) 547-2006

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit A

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | |
| HARRIS COUNTY, TEXAS, | § § § | Civil Case No. 4:25-cv-00479 |
| Defendants. | § § § § § | |

---

## EXHIBIT A – DOCUMENT REQUESTS

---

### INSTRUCTIONS

In responding to these Requests for Production, please note the following instructions:

1.      Said production of documents shall be produced as follows:

**By hand delivery to:**                    Haynes and Boone, LLP
                                            c/o Lauren Brogdon
                                            1221 McKinney St., Ste. 4000
                                            Houston, TX 77010

                                *or*
**By electronic mail to:**                  Lauren.Brogdon@haynesboone.com
                                            Harry.Phillips@haynesboone.com

**Alternatively, You may upload responsive documents via a secure server, with a link that can be provided upon contacting the above email addresse**s.

**Date and Time:**                          No later than **April 16, 2026, at 10:00 a.m.**

2.      You are to produce the Documents requested herein by delivering to the above-listed Attorney of Record either the originals or duplicates of the requested Documents, in the format required by the Federal Rules of Civil Procedure.

# Exhibit A

---

EXHIBIT A – DOCUMENT REQUESTS                                                      PAGE 1

3.      Unless otherwise agreed:

     a.  All Documents existing in electronic format should be produced in searchable PDF form. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Email attachments shall be produced sequentially after the parent email.

     b.  When it is impracticable for an electronic Document to be produced as a searchable PDF file, including because any information contained in the Document would be omitted, distorted, format, You may produce the document in its native format. When the production of an electronic document, such as an excel Document, would lead to an excessive number of pages when converted to a PDF file, such Document should be produced in its native format.

     c.  Documents that are e-mail messages should contain these additional metadata Fields: (a) <u>To</u>: Addressee(s) of the message; (b) <u>From</u>: The e-mail address of the person sending the message; (c) <u>CC</u>: Person(s) copied on the message; (d) <u>BCC</u>: Person(s) blind copied on the message; (e) <u>Date Sent</u>: Date the message was sent; (f) <u>Time Sent</u>: Time the message was sent; (g) <u>Subject</u>: Subject line of the message; (h) <u>Date Received</u>: Date the message was received; (i) Time Received: Time the message was received; and (j) <u>Attachments</u>: The Bates number ranges of e-mail attachments.

     d.  If You are incapable of producing the requested documents via the above-listed method of production, please contact Lauren Brogdon at Lauren.Brogdon@haynesboone.com, (713) 547-2006 **and** Harry Phillips at Harry.Phillips@haynesboone.com (713) 547-2334.

4.      Your objections and responses to each request are governed by Rule 45 of the Federal Rules of Civil Procedure.

5.      If no Documents or Things exist that are responsive to the request, You should specify that no Documents or Things exist.  If any Documents or Things requested have been lost, discarded, or destroyed, You should identify the Documents or Things so lost, discarded, or destroyed.

6.      Defendant requests that You provide all Documents in Your possession, custody, or control, including all Documents in the possession, custody, or control of You or Your attorneys, representatives, or agents. As used herein, "in Your possession, custody, or control" includes constructive possession where You have the right to compel production of the Document from a third party (including any agent, employee, attorney, accountant, or other representative).

7.      To the extent that the location of a Document called for by a request is unknown to You, please state that You lack knowledge of the Document's location.

8.      If any information or documents are withheld under a claim of privilege, exemption, or immunity from discovery, please identify the request to which You are asserting a claim of

# Exhibit A

privilege, identify the privilege(s) You are asserting, and state whether You are withholding information or documents from production based upon the assertion of the privilege(s).

## DEFINITIONS

Please observe the following definitions of words that may be used in these requests:

1.     **"You", "Your", "Allende Construction, LLC," "Allende," or "Allende Irrigation and Landscaping"** means Allende Construction, LLC and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees of Allende Construction, LLC acting in their capacity as such.

2.     **"Landscape Consultants of Texas, Inc.", "Landscape Consultants", or "Plaintiff"** means Landscape Consultants of Texas, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Landscape Consultants of Texas, Inc. acting in their capacity as such.

3.     **"Harris County"** or **"Defendant"** means Harris County, Texas, and all departments, divisions, or other units thereof (including but not limited to the Harris County Toll Road Authority), and all officers and employees of Harris County, Texas (and all departments, divisions, or other units thereof) acting in their capacity as such.

4.     **"Lawsuit"** means the above styled civil action, *Landscape Consultants of Texas, Inc. v. Harris County, Texas, et al.*; Civil Case No. 4:25-00479, pending in the United States District Court for the Southern District of Texas, Houston Division.

5.     **"Complaint"** means Landscape Consultants' Complaint filed in this Lawsuit and any amendments thereto.

6.     "**Harris County MWBE Program**" or "**MWBE Program**" means the Harris County Minority- and Woman-Owned Business Enterprise Program Policy adopted by order of the Harris County Commissioners Court on November 10, 2020.

7.     **"Metropolitan Landscape Management, Inc.", "Metropolitan Management", or "Metropolitan"** means Metropolitan Landscape Management, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Metropolitan Landscape Management, Inc. acting in their capacity as such.

8.     **"Thompson Companies, Inc.", "Thompson Companies", or "Thompson Co."** means Thompson Companies, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Thompson Companies, Inc. acting in their capacity as such.

# Exhibit A

---

**EXHIBIT A – DOCUMENT REQUESTS**                                                              **PAGE 3**

9.      **"Related Entities"** means, collectively, Landscape Consultants, Metropolitan, and Thompson Companies.

10.     **"Person"** means a natural person or entity of any type, including but not limited to, law firms, partnerships, corporations, associations, and other entities recognized in law, as well as divisions, departments, or other units thereof.

11.     **"Communication(s)"** means the oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to, telephone, text message, instant message, social media, mail, e-mail, letter, and personal conversation(s).

12.     **"Document(s)"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13.     **"Thing(s)"** is used in the broadest sense to include everything contemplated by Fed. R. Civ. P. 34(a)(1)(B) and any applicable case law.

14.     The phrases **"relate to"**, **"related to"**, and **"relating to"**, or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

15.     Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

16.     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

17.     The use of a verb in any context shall be construed as the verb in all tenses. The plural shall include the singular and the singular shall include the plural.

18.     Each paragraph below shall operate and be responded to independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

# Exhibit A

---

## REQUESTS FOR PRODUCTION

**Request for Production No. 1.**    All Harris County contracts, memoranda of understanding, or other agreements entered into by You (or on Your behalf) and Landscape Consultants (or other Related Entity) from January 1, 2019 to present.

**Response:**

**Request for Production No. 2.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that relate to or reference bids, proposals, pitches, budgets, or other information submitted by Landscape Consultants (or other Related Entity) to Harris County to perform landscaping services.

**Response:**

**Request for Production No. 3.**    All Documents (including but not limited to bids, proposals, pitches, budgets, or other information) submitted by You (or on Your behalf) to Landscape Consultants (or other Related Entity) to subcontract for landscaping services from January 1, 2019 to present.

**Response:**

**Request for Production No. 4.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from June 30, 2020 to present that reference the Harris County MWBE Program.

**Response:**

**Request for Production No. 5.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that refer to Harris County's denial or rejection of a bid, proposal, pitch, budget, or other information submitted by Landscape Consultants (or other Related Entity) or on their behalf or that refer to the reasons for such denial or rejection.

**Response:**

**Request for Production No. 6.**    All Documents and Communications between You or anyone acting on Your behalf and Landscape Consultants (or other Related Entity) reflecting Landscape Consultants' (or Metropolitan's) solicitation of proposals, bids, pitches, budgets, or other information from You in order for Landscape Consultants (or other Related Entity) to comply with the provisions of the MWBE Program.

**Response:**

**Request for Production No. 7.**    All Documents and Communications between You and Landscape Consultants (or other Related Entity) that relate to a dispute or disagreement over Your subcontract, letter of intent to subcontract, or other agreement to perform work on a Harris County contract with Landscape Consultants (or other Related Entity).

# Exhibit A

**Response:**

**Request for Production No. 8.**     All Documents (including but not limited to logs, charts, schedules, spreadsheets, timesheets, sign-in sheets, and dispatch records) and Communications related to the work allocated to You by Landscape Consultants (or other Related Entity) on each and every contract You perform with Landscape Consultants (or other Related Entity).

**Response:**

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § | |

---

**BUSINESS RECORDS AFFIDAVIT FOR**
**THE CUSTODIAN OF RECORDS OF ALLENDE CONSTRUCTION, LLC**

---

Before me, the undersigned authority, personally appeared _____ , who being by and duly sworn, deposed as follows:

My name is _____. I am of sound mind, am capable of making this affidavit, am personally acquainted with the facts herein, and state that they are true and correct:

I am a custodian of records for _____ ("_____"). Attached hereto are _____ pages of records from _____ that are kept in the regular course of business, and it was in the regular course of business of _____ for any employee or representative of _____ with knowledge of the act or event to make the records or to transmit information thereof to the inclined in such records; and the records were made at or near the time of the act or event or reasonably soon thereafter. The records attached hereto are exact duplicates of the original.

_____
Custodian of Records / Affiant

# Exhibit A

---

**BUSINESS RECORDS AFFIDAVIT**                                              **PAGE 1**

STATE OF _____          §
                                          §
COUNTY OF _____           §

        SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority on this _____ day of

_____ , 2026.


                                        _____
                                        Notary Public in and for the State of Texas

# Exhibit A

**BUSINESS RECORDS AFFIDAVIT**                                      **PAGE 2**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § § | |

---

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE**
***SUBPOENA DUCES TECUM* ON NONPARTY ARY'S LANDSCAPING, LLC**

---

TO:    Plaintiff Landscape Consultants of Texas, Inc., by and through its attorneys of record, Erin Wilcox and Laura D'Agostino, Pacific Legal Foundation, 555 Capitol Mall, Ste. 1290, Sacramento, CA, 95814.

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Defendant Harris County, Texas hereby provides notice of its intent to serve the Subpoena Duces Tecum appended hereto on nonparty, Ary's Landscaping, LLC ("Ary's"), for the production of all documents responsive to the document requests listed in Exhibit A of the Subpoena that are in its possession, custody, or control. Service of the Subpoena will be effectuated on Ary's in seven (7) days.

# Exhibit A

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE**
**SUBPOENA DUCES TECUM ON NONPARTY**                                          **PAGE 1**

**Dated: March 17, 2026**                    Respectfully submitted,

/s/ *Lauren Brogdon*

Lauren Brogdon, Attorney-in-Charge
Texas State Bar No. 24082736
S.D. Tex. Bar No. 1708833
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2006
Facsimile: (713) 236-5474
*lauren.brogdon@haynesboone.com*

Jonathan Fombonne
Harris County Attorney
Harris County, Texas
Texas State Bar No. 24102702
S.D. Tex. Bar No. 3016436
1019 Congress Plaza, 15th Floor
Telephone: (713) 274-5101
Facsimile: (713) 755-8924
*jonathan.fombonne@harriscountytx.gov*

**ATTORNEYS FOR HARRIS COUNTY, TEXAS**

**OF COUNSEL:**

| Mark Trachtenberg | John W. Turner |
|---|---|
| State Bar No. 24008169 | State Bar No. 24028085 |
| S.D. Tex. Bar No. 24584 | S.D. Tex. Bar No. 29803 |
| HAYNES AND BOONE, LLP | HAYNES AND BOONE, LLP |
| 1221 McKinney Street, Suite 4000 | 2801 N. Harwood Street, Suite 2300 |
| Houston, Texas 77010 | Dallas, Texas 75201 |
| Telephone: (713) 547-2006 | Telephone: (214) 651-5671 |
| Facsimile: (713) 236-5474 | Facsimile: (214) 200-0780 |
| *mark.trachtenberg@haynesboone.com* | *john.turner@haynesboone.com* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel for Plaintiffs by email on March 17, 2026.

/s/ *Lauren Brogdon*

Lauren Brogdon

# Exhibit A

DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE
SUBPOENA DUCES TECUM ON NONPARTY                    PAGE 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| Landscape Consultants of Texas, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    4:25-cv-00479 |
| | ) | |
| Harris County, Texas | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Ary's Landscaping, LLC, c/o Reginald Ary, 5827 Belneath St., Houston, TX 77033

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  *See* **Exhibit A,** attached hereto.

| Place: Haynes and Boone, LLP c/o Lauren Brogdon 1221 McKinney St.,  Ste. 4000 Houston, TX 77010 | For electronic delivery option, *see* **Exhibit A**, attached hereto. | Date and Time:   No later than: **April 16, 2026, at 10:00 a.m.** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    March 24, 2026

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Harris County, Texas
_____ , who issues or requests this subpoena, are:

Lauren Brogdon, 1221 McKinney St., Ste. 4000, Houston, TX 77010, lauren.brogdon@haynesboone.com, (713) 547-2006

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § § | |

---

**EXHIBIT A – DOCUMENT REQUESTS**

---

**INSTRUCTIONS**

In responding to these Requests for Production, please note the following instructions:

1.    Said production of documents shall be produced as follows:

| | |
|---|---|
| **By hand delivery to:** | Haynes and Boone, LLP<br>c/o Lauren Brogdon<br>1221 McKinney St., Ste. 4000<br>Houston, TX 77010 |
| *or* | |
| **By electronic mail to:** | Lauren.Brogdon@haynesboone.com<br>Harry.Phillips@haynesboone.com |

**Alternatively, You may upload responsive documents via a secure server, with a link that can be provided upon contacting the above email addresse**s.

| | |
|---|---|
| **Date and Time:** | No later than **April 16, 2026, at 10:00 a.m.** |

2.    You are to produce the Documents requested herein by delivering to the above-listed Attorney of Record either the originals or duplicates of the requested Documents, in the format required by the Federal Rules of Civil Procedure.

# Exhibit A

---

3.      Unless otherwise agreed:

      a. All Documents existing in electronic format should be produced in searchable PDF form. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Email attachments shall be produced sequentially after the parent email.

      b. When it is impracticable for an electronic Document to be produced as a searchable PDF file, including because any information contained in the Document would be omitted, distorted, format, You may produce the document in its native format. When the production of an electronic document, such as an excel Document, would lead to an excessive number of pages when converted to a PDF file, such Document should be produced in its native format.

      c. Documents that are e-mail messages should contain these additional metadata Fields: (a) <u>To</u>: Addressee(s) of the message; (b) <u>From</u>: The e-mail address of the person sending the message; (c) <u>CC</u>: Person(s) copied on the message; (d) <u>BCC</u>: Person(s) blind copied on the message; (e) <u>Date Sent</u>: Date the message was sent; (f) <u>Time Sent</u>: Time the message was sent; (g) <u>Subject</u>: Subject line of the message; (h) <u>Date Received</u>: Date the message was received; (i) Time Received: Time the message was received; and (j) <u>Attachments</u>: The Bates number ranges of e-mail attachments.

      d. If You are incapable of producing the requested documents via the above-listed method of production, please contact Lauren Brogdon at Lauren.Brogdon@haynesboone.com, (713) 547-2006 **and** Harry Phillips at Harry.Phillips@haynesboone.com (713) 547-2334.

4.      Your objections and responses to each request are governed by Rule 45 of the Federal Rules of Civil Procedure.

5.      If no Documents or Things exist that are responsive to the request, You should specify that no Documents or Things exist.  If any Documents or Things requested have been lost, discarded, or destroyed, You should identify the Documents or Things so lost, discarded, or destroyed.

6.      Defendant requests that You provide all Documents in Your possession, custody, or control, including all Documents in the possession, custody, or control of You or Your attorneys, representatives, or agents. As used herein, "in Your possession, custody, or control" includes constructive possession where You have the right to compel production of the Document from a third party (including any agent, employee, attorney, accountant, or other representative).

7.      To the extent that the location of a Document called for by a request is unknown to You, please state that You lack knowledge of the Document's location.

8.      If any information or documents are withheld under a claim of privilege, exemption, or immunity from discovery, please identify the request to which You are asserting a claim of

# Exhibit A

**EXHIBIT A – DOCUMENT REQUESTS**                                      **PAGE 2**

privilege, identify the privilege(s) You are asserting, and state whether You are withholding information or documents from production based upon the assertion of the privilege(s).

## **DEFINITIONS**

Please observe the following definitions of words that may be used in these requests:

1.      **"You", "Your", "Ary's Landscaping, LLC," or "Ary's"** means Ary's Landscaping, LLC and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees of Ary's Landscaping, LLC acting in their capacity as such.

2.      **"Landscape Consultants of Texas, Inc.", "Landscape Consultants", or "Plaintiff"** means Landscape Consultants of Texas, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Landscape Consultants of Texas, Inc. acting in their capacity as such.

3.      **"Harris County"** or **"Defendant"** means Harris County, Texas, and all departments, divisions, or other units thereof (including but not limited to the Harris County Toll Road Authority), and all officers and employees of Harris County, Texas (and all departments, divisions, or other units thereof) acting in their capacity as such.

4.      **"Lawsuit"** means the above styled civil action, *Landscape Consultants of Texas, Inc. v. Harris County, Texas, et al.*; Civil Case No. 4:25-00479, pending in the United States District Court for the Southern District of Texas, Houston Division.

5.      **"Complaint"** means Landscape Consultants' Complaint filed in this Lawsuit and any amendments thereto.

6.      "**Harris County MWBE Program"** or **"MWBE Program"** means the Harris County Minority- and Woman-Owned Business Enterprise Program Policy adopted by order of the Harris County Commissioners Court on November 10, 2020.

7.      **"Metropolitan Landscape Management, Inc.", "Metropolitan Management", or "Metropolitan"** means Metropolitan Landscape Management, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Metropolitan Landscape Management, Inc. acting in their capacity as such.

8.      **"Thompson Companies, Inc.", "Thompson Companies", or "Thompson Co."** means Thompson Companies, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Thompson Companies, Inc. acting in their capacity as such.

# Exhibit A

9.    **"Related Entities"** means, collectively, Landscape Consultants, Metropolitan, and Thompson Companies.

10.    **"Person"** means a natural person or entity of any type, including but not limited to, law firms, partnerships, corporations, associations, and other entities recognized in law, as well as divisions, departments, or other units thereof.

11.    **"Communication(s)"** means the oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to, telephone, text message, instant message, social media, mail, e-mail, letter, and personal conversation(s).

12.    **"Document(s)"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13.    **"Thing(s)"** is used in the broadest sense to include everything contemplated by Fed. R. Civ. P. 34(a)(1)(B) and any applicable case law.

14.    The phrases **"relate to"**, **"related to"**, and **"relating to"**, or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

15.    Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

16.    The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

17.    The use of a verb in any context shall be construed as the verb in all tenses. The plural shall include the singular and the singular shall include the plural.

18.    Each paragraph below shall operate and be responded to independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

# Exhibit A

## REQUESTS FOR PRODUCTION

**Request for Production No. 1.**    All Harris County contracts, memoranda of understanding, or other agreements entered into by You (or on Your behalf) and Landscape Consultants (or other Related Entity) from January 1, 2019 to present.

**Response:**

**Request for Production No. 2.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that relate to or reference bids, proposals, pitches, budgets, or other information submitted by Landscape Consultants (or other Related Entity) to Harris County to perform landscaping services.

**Response:**

**Request for Production No. 3.**    All Documents (including but not limited to bids, proposals, pitches, budgets, or other information) submitted by You (or on Your behalf) to Landscape Consultants (or other Related Entity) to subcontract for landscaping services from January 1, 2019 to present.

**Response:**

**Request for Production No. 4.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from June 30, 2020 to present that reference the Harris County MWBE Program.

**Response:**

**Request for Production No. 5.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that refer to Harris County's denial or rejection of a bid, proposal, pitch, budget, or other information submitted by Landscape Consultants (or other Related Entity) or on their behalf or that refer to the reasons for such denial or rejection.

**Response:**

**Request for Production No. 6.**    All Documents and Communications between You or anyone acting on Your behalf and Landscape Consultants (or other Related Entity) reflecting Landscape Consultants' (or Metropolitan's) solicitation of proposals, bids, pitches, budgets, or other information from You in order for Landscape Consultants (or other Related Entity) to comply with the provisions of the MWBE Program.

**Response:**

**Request for Production No. 7.**    All Documents and Communications between You and Landscape Consultants (or other Related Entity) that relate to a dispute or disagreement over Your subcontract, letter of intent to subcontract, or other agreement to perform work on a Harris County contract with Landscape Consultants (or other Related Entity).

# Exhibit A

**Response:**

**Request for Production No. 8.**    All Documents (including but not limited to logs, charts, schedules, spreadsheets, timesheets, sign-in sheets, and dispatch records) and Communications related to the work allocated to You by Landscape Consultants (or other Related Entity) on each and every contract You perform with Landscape Consultants (or other Related Entity).

**Response:**

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | §<br>§<br>§ | |
| Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | §<br>§<br>§ | |
| Defendants. | §<br>§<br>§<br>§ | |

**BUSINESS RECORDS AFFIDAVIT FOR**
**THE CUSTODIAN OF RECORDS OF ARY'S LANDSCAPING, LLC**

Before me, the undersigned authority, personally appeared _____ , who being by and duly sworn, deposed as follows:

My name is _____. I am of sound mind, am capable of making this affidavit, am personally acquainted with the facts herein, and state that they are true and correct:

I am a custodian of records for _____ ("_____"). Attached hereto are _____ pages of records from _____ that are kept in the regular course of business, and it was in the regular course of business of _____ for any employee or representative of _____ with knowledge of the act or event to make the records or to transmit information thereof to the inclined in such records; and the records were made at or near the time of the act or event or reasonably soon thereafter. The records attached hereto are exact duplicates of the original.


_____
Custodian of Records / Affiant


# Exhibit A

**BUSINESS RECORDS AFFIDAVIT**                                          **PAGE 1**

STATE OF _____    §
                                     §
COUNTY OF _____       §

    SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority on this _____ day of

_____ , 2026.


_____
Notary Public in and for the State of Texas

# Exhibit A

---

**BUSINESS RECORDS AFFIDAVIT**                                                    **PAGE 2**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § § | |

---

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT
TO SERVE *SUBPOENA DUCES TECUM* ON NONPARTY
HOME SWEET HOME LANDSCAPING AND LAWN CARE LLC**

---

TO:    Plaintiff Landscape Consultants of Texas, Inc., by and through its attorneys of record, Erin Wilcox and Laura D'Agostino, Pacific Legal Foundation, 555 Capitol Mall, Ste. 1290, Sacramento, CA, 95814.

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Defendant Harris County, Texas hereby provides notice of its intent to serve the Subpoena Duces Tecum appended hereto on nonparty, Home Sweet Home Landscaping and Lawn Care LLC ("Home Sweet Home"), for the production of all documents responsive to the document requests listed in Exhibit A of the Subpoena that are in its possession, custody, or control. Service of the Subpoena will be effectuated on Home Sweet Home in seven (7) days.

# Exhibit A

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE**
**SUBPOENA DUCES TECUM ON NONPARTY**                                                        **PAGE 1**

**Dated: March 17, 2026**                    Respectfully submitted,

                                             /s/ *Lauren Brogdon*
                                             Lauren Brogdon, Attorney-in-Charge
                                             Texas State Bar No. 24082736
                                             S.D. Tex. Bar No. 1708833
                                             HAYNES AND BOONE, LLP
                                             1221 McKinney Street, Suite 4000
                                             Houston, Texas 77010
                                             Telephone: (713) 547-2006
                                             Facsimile: (713) 236-5474
                                             *lauren.brogdon@haynesboone.com*

                                             Jonathan Fombonne
                                             Harris County Attorney
                                             Harris County, Texas
                                             Texas State Bar No. 24102702
                                             S.D. Tex. Bar No. 3016436
                                             1019 Congress Plaza, 15th Floor
                                             Telephone: (713) 274-5101
                                             Facsimile: (713) 755-8924
                                             *jonathan.fombonne@harriscountytx.gov*

                                             **ATTORNEYS FOR HARRIS COUNTY, TEXAS**

**OF COUNSEL:**

| Mark Trachtenberg | John W. Turner |
|---|---|
| State Bar No. 24008169 | State Bar No. 24028085 |
| S.D. Tex. Bar No. 24584 | S.D. Tex. Bar No. 29803 |
| HAYNES AND BOONE, LLP | HAYNES AND BOONE, LLP |
| 1221 McKinney Street, Suite 4000 | 2801 N. Harwood Street, Suite 2300 |
| Houston, Texas 77010 | Dallas, Texas 75201 |
| Telephone: (713) 547-2006 | Telephone: (214) 651-5671 |
| Facsimile: (713) 236-5474 | Facsimile: (214) 200-0780 |
| *mark.trachtenberg@haynesboone.com* | *john.turner@haynesboone.com* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel for Plaintiffs by email on March 17, 2026.

                                             */s/ Lauren Brogdon*
                                             Lauren Brogdon

# Exhibit A

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE**
**SUBPOENA DUCES TECUM ON NONPARTY**                                    **PAGE 2**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| Landscape Consultants of Texas, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    4:25-cv-00479 |
| | ) | |
| Harris County, Texas | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Home Sweet Home Landscaping and Lawn Care LLC, c/o Benecia Johns, 9815 Degas Lane, Houston, TX 77016

*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  *See* **Exhibit A,** attached hereto.

| Place: Haynes and Boone, LLP<br>c/o Lauren Brogdon<br>1221 McKinney St.,  Ste. 4000<br>Houston, TX 77010 | For electronic delivery option, *see* **Exhibit A**, attached hereto. | Date and Time:   No later than:<br>**April 16, 2026, at 10:00 a.m.** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    March 24, 2026

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Harris County, Texas _____ , who issues or requests this subpoena, are:

Lauren Brogdon, 1221 McKinney St., Ste. 4000, Houston, TX 77010, lauren.brogdon@haynesboone.com, (713) 547-2006

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § § | |

---

**EXHIBIT A – DOCUMENT REQUESTS**

---

**INSTRUCTIONS**

In responding to these Requests for Production, please note the following instructions:

1.      Said production of documents shall be produced as follows:

**By hand delivery to:**          Haynes and Boone, LLP
c/o Lauren Brogdon
1221 McKinney St., Ste. 4000
Houston, TX 77010

*or*

**By electronic mail to:**          Lauren.Brogdon@haynesboone.com
Harry.Phillips@haynesboone.com

**Alternatively, You may upload responsive documents via a secure server, with a link that can be provided upon contacting the above email addresse**s.

**Date and Time:**          No later than **April 16, 2026, at 10:00 a.m.**

2.      You are to produce the Documents requested herein by delivering to the above-listed Attorney of Record either the originals or duplicates of the requested Documents, in the format required by the Federal Rules of Civil Procedure.

# Exhibit A

---

EXHIBIT A – DOCUMENT REQUESTS                                                      PAGE 1

3.      Unless otherwise agreed:

   a.   All Documents existing in electronic format should be produced in searchable PDF form. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Email attachments shall be produced sequentially after the parent email.

   b.   When it is impracticable for an electronic Document to be produced as a searchable PDF file, including because any information contained in the Document would be omitted, distorted, format, You may produce the document in its native format. When the production of an electronic document, such as an excel Document, would lead to an excessive number of pages when converted to a PDF file, such Document should be produced in its native format.

   c.   Documents that are e-mail messages should contain these additional metadata Fields: (a) <u>To</u>: Addressee(s) of the message; (b) <u>From</u>: The e-mail address of the person sending the message; (c) <u>CC</u>: Person(s) copied on the message; (d) <u>BCC</u>: Person(s) blind copied on the message; (e) <u>Date Sent</u>: Date the message was sent; (f) <u>Time Sent</u>: Time the message was sent; (g) <u>Subject</u>: Subject line of the message; (h) <u>Date Received</u>: Date the message was received; (i) Time Received: Time the message was received; and (j) <u>Attachments</u>: The Bates number ranges of e-mail attachments.

   d.   If You are incapable of producing the requested documents via the above-listed method of production, please contact Lauren Brogdon at Lauren.Brogdon@haynesboone.com, (713) 547-2006 **and** Harry Phillips at Harry.Phillips@haynesboone.com (713) 547-2334.

4.      Your objections and responses to each request are governed by Rule 45 of the Federal Rules of Civil Procedure.

5.      If no Documents or Things exist that are responsive to the request, You should specify that no Documents or Things exist.  If any Documents or Things requested have been lost, discarded, or destroyed, You should identify the Documents or Things so lost, discarded, or destroyed.

6.      Defendant requests that You provide all Documents in Your possession, custody, or control, including all Documents in the possession, custody, or control of You or Your attorneys, representatives, or agents. As used herein, "in Your possession, custody, or control" includes constructive possession where You have the right to compel production of the Document from a third party (including any agent, employee, attorney, accountant, or other representative).

7.      To the extent that the location of a Document called for by a request is unknown to You, please state that You lack knowledge of the Document's location.

8.      If any information or documents are withheld under a claim of privilege, exemption, or immunity from discovery, please identify the request to which You are asserting a claim of

# Exhibit A

---

**EXHIBIT A – DOCUMENT REQUESTS**                                                              **PAGE 2**

privilege, identify the privilege(s) You are asserting, and state whether You are withholding information or documents from production based upon the assertion of the privilege(s).

## DEFINITIONS

Please observe the following definitions of words that may be used in these requests:

1.    **"You", "Your", "Home Sweet Home Landscaping and Lawn Care LLC", or "Home Sweet Home"** means Home Sweet Home Landscaping and Lawn Care LLC and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees of Home Sweet Home Landscaping and Lawn Care LLC acting in their capacity as such.

2.    **"Landscape Consultants of Texas, Inc.", "Landscape Consultants", or "Plaintiff"** means Landscape Consultants of Texas, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Landscape Consultants of Texas, Inc. acting in their capacity as such.

3.    **"Harris County"** or **"Defendant"** means Harris County, Texas, and all departments, divisions, or other units thereof (including but not limited to the Harris County Toll Road Authority), and all officers and employees of Harris County, Texas (and all departments, divisions, or other units thereof) acting in their capacity as such.

4.    **"Lawsuit"** means the above styled civil action, *Landscape Consultants of Texas, Inc. v. Harris County, Texas, et al.*; Civil Case No. 4:25-00479, pending in the United States District Court for the Southern District of Texas, Houston Division.

5.    **"Complaint"** means Landscape Consultants' Complaint filed in this Lawsuit and any amendments thereto.

6.    "**Harris County MWBE Program"** or **"MWBE Program"** means the Harris County Minority- and Woman-Owned Business Enterprise Program Policy adopted by order of the Harris County Commissioners Court on November 10, 2020.

7.    **"Metropolitan Landscape Management, Inc.", "Metropolitan Management", or "Metropolitan"** means Metropolitan Landscape Management, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Metropolitan Landscape Management, Inc. acting in their capacity as such.

8.    **"Thompson Companies, Inc.", "Thompson Companies", or "Thompson Co."** means Thompson Companies, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Thompson Companies, Inc. acting in their capacity as such.

**Exhibit A**

EXHIBIT A – DOCUMENT REQUESTS                                                              PAGE 3

9. **"Related Entities"** means, collectively, Landscape Consultants, Metropolitan, and Thompson Companies.

10. **"Person"** means a natural person or entity of any type, including but not limited to, law firms, partnerships, corporations, associations, and other entities recognized in law, as well as divisions, departments, or other units thereof.

11. **"Communication(s)"** means the oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to, telephone, text message, instant message, social media, mail, e-mail, letter, and personal conversation(s).

12. **"Document(s)"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13. **"Thing(s)"** is used in the broadest sense to include everything contemplated by Fed. R. Civ. P. 34(a)(1)(B) and any applicable case law.

14. The phrases **"relate to"**, **"related to"**, and **"relating to"**, or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

15. Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

16. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

17. The use of a verb in any context shall be construed as the verb in all tenses. The plural shall include the singular and the singular shall include the plural.

18. Each paragraph below shall operate and be responded to independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

# Exhibit A

## REQUESTS FOR PRODUCTION

**Request for Production No. 1.**    All Harris County contracts, memoranda of understanding, or other agreements entered into by You (or on Your behalf) and Landscape Consultants (or other Related Entity) from January 1, 2019 to present.

**Response:**

**Request for Production No. 2.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that relate to or reference bids, proposals, pitches, budgets, or other information submitted by Landscape Consultants (or other Related Entity) to Harris County to perform landscaping services.

**Response:**

**Request for Production No. 3.**    All Documents (including but not limited to bids, proposals, pitches, budgets, or other information) submitted by You (or on Your behalf) to Landscape Consultants (or other Related Entity) to subcontract for landscaping services from January 1, 2019 to present.

**Response:**

**Request for Production No. 4.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from June 30, 2020 to present that reference the Harris County MWBE Program.

**Response:**

**Request for Production No. 5.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that refer to Harris County's denial or rejection of a bid, proposal, pitch, budget, or other information submitted by Landscape Consultants (or other Related Entity) or on their behalf or that refer to the reasons for such denial or rejection.

**Response:**

**Request for Production No. 6.**    All Documents and Communications between You or anyone acting on Your behalf and Landscape Consultants (or other Related Entity) reflecting Landscape Consultants' (or Metropolitan's) solicitation of proposals, bids, pitches, budgets, or other information from You in order for Landscape Consultants (or other Related Entity) to comply with the provisions of the MWBE Program.

**Response:**

# Exhibit A

**EXHIBIT A – DOCUMENT REQUESTS**                                    **PAGE 5**

**Request for Production No. 7.**    All Documents and Communications between You and Landscape Consultants (or other Related Entity) that relate to a dispute or disagreement over Your subcontract, letter of intent to subcontract, or other agreement to perform work on a Harris County contract with Landscape Consultants (or other Related Entity).

**Response:**

**Request for Production No. 8.**    All Documents (including but not limited to logs, charts, schedules, spreadsheets, timesheets, sign-in sheets, and dispatch records) and Communications related to the work allocated to You by Landscape Consultants (or other Related Entity) on each and every contract You perform with Landscape Consultants (or other Related Entity).

**Response:**

# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § | |

---

**BUSINESS RECORDS AFFIDAVIT FOR
THE CUSTODIAN OF RECORDS OF
HOME SWEET HOME LANDSCAPING AND LAWN CARE LLC**

---

Before me, the undersigned authority, personally appeared _____ , who being by and duly sworn, deposed as follows:

My name is _____. I am of sound mind, am capable of making this affidavit, am personally acquainted with the facts herein, and state that they are true and correct:

I am a custodian of records for _____ ("_____"). Attached hereto are _____ pages of records from _____ that are kept in the regular course of business, and it was in the regular course of business of _____ for any employee or representative of _____ with knowledge of the act or event to make the records or to transmit information thereof to the inclined in such records; and the records were made at or near the time of the act or event or reasonably soon thereafter. The records attached hereto are exact duplicates of the original.

_____
Custodian of Records / Affiant

# Exhibit A

---

**BUSINESS RECORDS AFFIDAVIT**                                                    **PAGE 1**

STATE OF _____    §
                                    §
                                    §
COUNTY OF _____      §

       SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority on this _____ day of

_____ , 2026.


                              _____
                              Notary Public in and for the State of Texas

# Exhibit A

**BUSINESS RECORDS AFFIDAVIT**                                 **PAGE 2**

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

LANDSCAPE CONSULTANTS OF TEXAS, §
INC., §
§
     Plaintiff, §
§
§
v. §
§     Civil Case No. 4:25-cv-00479
§
HARRIS COUNTY, TEXAS, §
§
§
     Defendants. §
§
§
§

---

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT
TO SERVE *SUBPOENA DUCES TECUM* ON
NONPARTY MONARCH LANDSCAPING SERVICES, LLC**

---

TO:    Plaintiff Landscape Consultants of Texas, Inc., by and through its attorneys of record, Erin Wilcox and Laura D'Agostino, Pacific Legal Foundation, 555 Capitol Mall, Ste. 1290, Sacramento, CA, 95814.

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Defendant Harris County, Texas hereby provides notice of its intent to serve the Subpoena Duces Tecum appended hereto on nonparty, Monarch Landscaping Services, LLC, d/b/a Montex ("Montex"), for the production of all documents responsive to the document requests listed in Exhibit A of the Subpoena that are in its possession, custody, or control. Service of the Subpoena will be effectuated on Montex in seven (7) days.

# Exhibit A

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE
SUBPOENA DUCES TECUM ON NONPARTY**        **PAGE 1**

**Dated: March 17, 2026**                    Respectfully submitted,

/s/ *Lauren Brogdon*
Lauren Brogdon, Attorney-in-Charge
Texas State Bar No. 24082736
S.D. Tex. Bar No. 1708833
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2006
Facsimile: (713) 236-5474
*lauren.brogdon@haynesboone.com*

Jonathan Fombonne
Harris County Attorney
Harris County, Texas
Texas State Bar No. 24102702
S.D. Tex. Bar No. 3016436
1019 Congress Plaza, 15th Floor
Telephone: (713) 274-5101
Facsimile: (713) 755-8924
*jonathan.fombonne@harriscountytx.gov*

**ATTORNEYS FOR HARRIS COUNTY, TEXAS**

**OF COUNSEL:**

| | |
|---|---|
| Mark Trachtenberg<br>State Bar No. 24008169<br>S.D. Tex. Bar No. 24584<br>HAYNES AND BOONE, LLP<br>1221 McKinney Street, Suite 4000<br>Houston, Texas 77010<br>Telephone: (713) 547-2006<br>Facsimile: (713) 236-5474<br>*mark.trachtenberg@haynesboone.com* | John W. Turner<br>State Bar No. 24028085<br>S.D. Tex. Bar No. 29803<br>HAYNES AND BOONE, LLP<br>2801 N. Harwood Street, Suite 2300<br>Dallas, Texas 75201<br>Telephone: (214) 651-5671<br>Facsimile: (214) 200-0780<br>*john.turner@haynesboone.com* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel for Plaintiffs by email on March 17, 2026.

/s/ *Lauren Brogdon*
Lauren Brogdon

# Exhibit A

DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE
SUBPOENA DUCES TECUM ON NONPARTY                                    **PAGE 2**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| Landscape Consultants of Texas, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    4:25-cv-00479 |
| | ) | |
| Harris County, Texas | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Monarch Landscaping Services, LLC d/b/a Montex, c/o Richard Stegemeier, 5311 Orchid Garden Ct, Sugar Land, TX 77479
*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *See* **Exhibit A,** attached hereto.

| Place: | Haynes and Boone, LLP c/o Lauren Brogdon 1221 McKinney St.,  Ste. 4000 Houston, TX 77010 | For electronic delivery option, *see* **Exhibit A**, attached hereto. | Date and Time:  No later than: **April 16, 2026, at 10:00 a.m.** |
|---|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    March 24, 2026

        *CLERK OF COURT*

                                    OR

_____         _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Harris County, Texas _____, who issues or requests this subpoena, are:

Lauren Brogdon, 1221 McKinney St., Ste. 4000, Houston, TX 77010, lauren.brogdon@haynesboone.com, (713) 547-2006

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit A

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | | |
| Defendants. | | |

---

**EXHIBIT A – DOCUMENT REQUESTS**

---

**INSTRUCTIONS**

In responding to these Requests for Production, please note the following instructions:

1.    Said production of documents shall be produced as follows:

**By hand delivery to:**          Haynes and Boone, LLP
                                  c/o Lauren Brogdon
                                  1221 McKinney St., Ste. 4000
                                  Houston, TX 77010

                          *or*

**By electronic mail to:**          Lauren.Brogdon@haynesboone.com
                                  Harry.Phillips@haynesboone.com

**Alternatively, You may upload responsive documents via a secure server, with a link that can be provided upon contacting the above email addresse**s.

**Date and Time:**          No later than **April 16, 2026, at 10:00 a.m.**

2.    You are to produce the Documents requested herein by delivering to the above-listed Attorney of Record either the originals or duplicates of the requested Documents, in the format required by the Federal Rules of Civil Procedure.

# Exhibit A

---

**EXHIBIT A – DOCUMENT REQUESTS**                                                      **PAGE 1**

3.      Unless otherwise agreed:

    a.  All Documents existing in electronic format should be produced in searchable PDF form. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Email attachments shall be produced sequentially after the parent email.

    b.  When it is impracticable for an electronic Document to be produced as a searchable PDF file, including because any information contained in the Document would be omitted, distorted, format, You may produce the document in its native format. When the production of an electronic document, such as an excel Document, would lead to an excessive number of pages when converted to a PDF file, such Document should be produced in its native format.

    c.  Documents that are e-mail messages should contain these additional metadata Fields: (a) <u>To</u>: Addressee(s) of the message; (b) <u>From</u>: The e-mail address of the person sending the message; (c) <u>CC</u>: Person(s) copied on the message; (d) <u>BCC</u>: Person(s) blind copied on the message; (e) <u>Date Sent</u>: Date the message was sent; (f) <u>Time Sent</u>: Time the message was sent; (g) <u>Subject</u>: Subject line of the message; (h) <u>Date Received</u>: Date the message was received; (i) Time Received: Time the message was received; and (j) <u>Attachments</u>: The Bates number ranges of e-mail attachments.

    d.  If You are incapable of producing the requested documents via the above-listed method of production, please contact Lauren Brogdon at Lauren.Brogdon@haynesboone.com, (713) 547-2006 **and** Harry Phillips at Harry.Phillips@haynesboone.com (713) 547-2334.

4.      Your objections and responses to each request are governed by Rule 45 of the Federal Rules of Civil Procedure.

5.      If no Documents or Things exist that are responsive to the request, You should specify that no Documents or Things exist.  If any Documents or Things requested have been lost, discarded, or destroyed, You should identify the Documents or Things so lost, discarded, or destroyed.

6.      Defendant requests that You provide all Documents in Your possession, custody, or control, including all Documents in the possession, custody, or control of You or Your attorneys, representatives, or agents. As used herein, "in Your possession, custody, or control" includes constructive possession where You have the right to compel production of the Document from a third party (including any agent, employee, attorney, accountant, or other representative).

7.      To the extent that the location of a Document called for by a request is unknown to You, please state that You lack knowledge of the Document's location.

8.      If any information or documents are withheld under a claim of privilege, exemption, or immunity from discovery, please identify the request to which You are asserting a claim of

# Exhibit A

privilege, identify the privilege(s) You are asserting, and state whether You are withholding information or documents from production based upon the assertion of the privilege(s).

## DEFINITIONS

Please observe the following definitions of words that may be used in these requests:

1.  **"You", "Your", "Monarch Landscaping Services, LLC", or "Montex"** means Monarch Landscaping Services, LLC, d/b/a Montex and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees of Monarch Landscaping Services, LLC, d/b/a Montex acting in their capacity as such.

2.  **"Landscape Consultants of Texas, Inc.", "Landscape Consultants", or "Plaintiff"** means Landscape Consultants of Texas, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Landscape Consultants of Texas, Inc. acting in their capacity as such.

3.  **"Harris County"** or **"Defendant"** means Harris County, Texas, and all departments, divisions, or other units thereof (including but not limited to the Harris County Toll Road Authority), and all officers and employees of Harris County, Texas (and all departments, divisions, or other units thereof) acting in their capacity as such.

4.  **"Lawsuit"** means the above styled civil action, *Landscape Consultants of Texas, Inc. v. Harris County, Texas, et al.*; Civil Case No. 4:25-00479, pending in the United States District Court for the Southern District of Texas, Houston Division.

5.  **"Complaint"** means Landscape Consultants' Complaint filed in this Lawsuit and any amendments thereto.

6.  "**Harris County MWBE Program"** or **"MWBE Program"** means the Harris County Minority- and Woman-Owned Business Enterprise Program Policy adopted by order of the Harris County Commissioners Court on November 10, 2020.

7.  **"Metropolitan Landscape Management, Inc.", "Metropolitan Management", or "Metropolitan"** means Metropolitan Landscape Management, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Metropolitan Landscape Management, Inc. acting in their capacity as such.

8.  **"Thompson Companies, Inc.", "Thompson Companies", or "Thompson Co."** means Thompson Companies, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Thompson Companies, Inc. acting in their capacity as such.

**Exhibit A**

9.    **"Related Entities"** means, collectively, Landscape Consultants, Metropolitan, and Thompson Companies.

10.    **"Person"** means a natural person or entity of any type, including but not limited to, law firms, partnerships, corporations, associations, and other entities recognized in law, as well as divisions, departments, or other units thereof.

11.    **"Communication(s)"** means the oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to, telephone, text message, instant message, social media, mail, e-mail, letter, and personal conversation(s).

12.    **"Document(s)"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13.    **"Thing(s)"** is used in the broadest sense to include everything contemplated by Fed. R. Civ. P. 34(a)(1)(B) and any applicable case law.

14.    The phrases **"relate to"**, **"related to"**, and **"relating to"**, or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

15.    Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

16.    The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

17.    The use of a verb in any context shall be construed as the verb in all tenses. The plural shall include the singular and the singular shall include the plural.

18.    Each paragraph below shall operate and be responded to independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

# Exhibit A

## REQUESTS FOR PRODUCTION

**Request for Production No. 1.**      All Harris County contracts, memoranda of understanding, or other agreements entered into by You (or on Your behalf) and Landscape Consultants (or other Related Entity) from January 1, 2019 to present.

**Response:**

**Request for Production No. 2.**      All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that relate to or reference bids, proposals, pitches, budgets, or other information submitted by Landscape Consultants (or other Related Entity) to Harris County to perform landscaping services.

**Response:**

**Request for Production No. 3.**      All Documents (including but not limited to bids, proposals, pitches, budgets, or other information) submitted by You (or on Your behalf) to Landscape Consultants (or other Related Entity) to subcontract for landscaping services from January 1, 2019 to present.

**Response:**

**Request for Production No. 4.**      All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from June 30, 2020 to present that reference the Harris County MWBE Program.

**Response:**

**Request for Production No. 5.**      All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that refer to Harris County's denial or rejection of a bid, proposal, pitch, budget, or other information submitted by Landscape Consultants (or other Related Entity) or on their behalf or that refer to the reasons for such denial or rejection.

**Response:**

**Request for Production No. 6.**      All Documents and Communications between You or anyone acting on Your behalf and Landscape Consultants (or other Related Entity) reflecting Landscape Consultants' (or Metropolitan's) solicitation of proposals, bids, pitches, budgets, or other information from You in order for Landscape Consultants (or other Related Entity) to comply with the provisions of the MWBE Program.

**Response:**

# Exhibit A

**Request for Production No. 7.**     All Documents and Communications between You and Landscape Consultants (or other Related Entity) that relate to a dispute or disagreement over Your subcontract, letter of intent to subcontract, or other agreement to perform work on a Harris County contract with Landscape Consultants (or other Related Entity).

**Response:**

**Request for Production No. 8.**     All Documents (including but not limited to logs, charts, schedules, spreadsheets, timesheets, sign-in sheets, and dispatch records) and Communications related to the work allocated to You by Landscape Consultants (or other Related Entity) on each and every contract You perform with Landscape Consultants (or other Related Entity).

**Response:**

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § | |

---

**BUSINESS RECORDS AFFIDAVIT FOR**
**THE CUSTODIAN OF RECORDS OF MONARCH LANDSCAPING SERVICES, LLC**

---

Before me, the undersigned authority, personally appeared _____ , who being by and duly sworn, deposed as follows:

My name is _____. I am of sound mind, am capable of making this affidavit, am personally acquainted with the facts herein, and state that they are true and correct:

I am a custodian of records for _____ ("_____"). Attached hereto are _____ pages of records from _____ that are kept in the regular course of business, and it was in the regular course of business of _____ for any employee or representative of _____ with knowledge of the act or event to make the records or to transmit information thereof to the inclined in such records; and the records were made at or near the time of the act or event or reasonably soon thereafter. The records attached hereto are exact duplicates of the original.

_____
Custodian of Records / Affiant

# Exhibit A

---

**BUSINESS RECORDS AFFIDAVIT**                                                          **PAGE 1**

STATE OF _____    §
                                                              §
COUNTY OF _____    §

        SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority on this _____ day of

_____ , 2026.


_____
Notary Public in and for the State of Texas

# Exhibit A

---

**BUSINESS RECORDS AFFIDAVIT**                                                                        **PAGE 2**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § § | |

---

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE**
***SUBPOENA DUCES TECUM* ON NONPARTY SMARTSCAPING, LLC**

---

TO:   Plaintiff Landscape Consultants of Texas, Inc., by and through its attorneys of record, Erin Wilcox and Laura D'Agostino, Pacific Legal Foundation, 555 Capitol Mall, Ste. 1290, Sacramento, CA, 95814.

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Defendant Harris County, Texas hereby provides notice of its intent to serve the Subpoena Duces Tecum appended hereto on nonparty, Smartscaping, LLC ("Smartscaping"), for the production of all documents responsive to the document requests listed in Exhibit A of the Subpoena that are in its possession, custody, or control. Service of the Subpoena will be effectuated on Smartscaping in seven (7) days.

# Exhibit A

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE**
**SUBPOENA DUCES TECUM ON NONPARTY**                              **PAGE 1**

**Dated: March 17, 2026**                     Respectfully submitted,

/s/ *Lauren Brogdon*
Lauren Brogdon, Attorney-in-Charge
Texas State Bar No. 24082736
S.D. Tex. Bar No. 1708833
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2006
Facsimile: (713) 236-5474
*lauren.brogdon@haynesboone.com*

Jonathan Fombonne
Harris County Attorney
Harris County, Texas
Texas State Bar No. 24102702
S.D. Tex. Bar No. 3016436
1019 Congress Plaza, 15th Floor
Telephone: (713) 274-5101
Facsimile: (713) 755-8924
*jonathan.fombonne@harriscountytx.gov*

ATTORNEYS FOR HARRIS COUNTY, TEXAS

**OF COUNSEL:**

| | |
|---|---|
| Mark Trachtenberg<br>State Bar No. 24008169<br>S.D. Tex. Bar No. 24584<br>HAYNES AND BOONE, LLP<br>1221 McKinney Street, Suite 4000<br>Houston, Texas 77010<br>Telephone: (713) 547-2006<br>Facsimile: (713) 236-5474<br>*mark.trachtenberg@haynesboone.com* | John W. Turner<br>State Bar No. 24028085<br>S.D. Tex. Bar No. 29803<br>HAYNES AND BOONE, LLP<br>2801 N. Harwood Street, Suite 2300<br>Dallas, Texas 75201<br>Telephone: (214) 651-5671<br>Facsimile: (214) 200-0780<br>*john.turner@haynesboone.com* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel for Plaintiffs by email on March 17, 2026.

/s/ *Lauren Brogdon*
Lauren Brogdon

# Exhibit A

DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE
SUBPOENA DUCES TECUM ON NONPARTY                                    **PAGE 2**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| Landscape Consultants of Texas, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    4:25-cv-00479 |
| | ) | |
| Harris County, Texas | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
   Smartscaping, LLC, c/o Bryan Smart, 3620 Willowbend Blvd., #1140, Houston, TX 77045
   *(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  *See* **Exhibit A,** attached hereto.

| Place: Haynes and Boone, LLP c/o Lauren Brogdon 1221 McKinney St.,  Ste. 4000 Houston, TX 77010 | For electronic delivery option, *see* **Exhibit A**, attached hereto. | Date and Time:  No later than: **April 16, 2026, at 10:00 a.m.** |
|---|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    March 24, 2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
   Harris County, Texas _____ , who issues or requests this subpoena, are:

   Lauren Brogdon, 1221 McKinney St., Ste. 4000, Houston, TX 77010, lauren.brogdon@haynesboone.com, (713) 547-2006

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

     I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

     ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

     ❐ I returned the subpoena unexecuted because: _____

_____ .

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

     I declare under penalty of perjury that this information is true.

Date: _____

                                          _____
                                                    *Server's signature*

                                          _____
                                                  *Printed name and title*

                                          _____
                                                  *Server's address*

Additional information regarding attempted service, etc.:

# Exhibit A

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | §<br>§<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | §<br>§<br>§ | |
| Defendants. | §<br>§<br>§<br>§ | |

---

**EXHIBIT A – DOCUMENT REQUESTS**

---

**<u>INSTRUCTIONS</u>**

In responding to these Requests for Production, please note the following instructions:

1.      Said production of documents shall be produced as follows:

**By hand delivery to:**                    Haynes and Boone, LLP
                                                       c/o Lauren Brogdon
                                                       1221 McKinney St., Ste. 4000
                                                       Houston, TX 77010

                                        *or*

**By electronic mail to:**                 Lauren.Brogdon@haynesboone.com
                                                       Harry.Phillips@haynesboone.com

**Alternatively, You may upload responsive documents via a secure server, with a link that can be provided upon contacting the above email addresse**s.

**Date and Time:**                           No later than **April 16, 2026, at 10:00 a.m.**

2.      You are to produce the Documents requested herein by delivering to the above-listed Attorney of Record either the originals or duplicates of the requested Documents, in the format required by the Federal Rules of Civil Procedure.

# Exhibit A

---

**EXHIBIT A – DOCUMENT REQUESTS**                                                            **PAGE 1**

3.    Unless otherwise agreed:

    a.  All Documents existing in electronic format should be produced in searchable PDF form. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Email attachments shall be produced sequentially after the parent email.

    b.  When it is impracticable for an electronic Document to be produced as a searchable PDF file, including because any information contained in the Document would be omitted, distorted, format, You may produce the document in its native format. When the production of an electronic document, such as an excel Document, would lead to an excessive number of pages when converted to a PDF file, such Document should be produced in its native format.

    c.  Documents that are e-mail messages should contain these additional metadata Fields: (a) To: Addressee(s) of the message; (b) From: The e-mail address of the person sending the message; (c) CC: Person(s) copied on the message; (d) BCC: Person(s) blind copied on the message; (e) Date Sent: Date the message was sent; (f) Time Sent: Time the message was sent; (g) Subject: Subject line of the message; (h) Date Received: Date the message was received; (i) Time Received: Time the message was received; and (j) Attachments: The Bates number ranges of e-mail attachments.

    d.  If You are incapable of producing the requested documents via the above-listed method of production, please contact Lauren Brogdon at Lauren.Brogdon@haynesboone.com, (713) 547-2006 **and** Harry Phillips at Harry.Phillips@haynesboone.com (713) 547-2334.

4.    Your objections and responses to each request are governed by Rule 45 of the Federal Rules of Civil Procedure.

5.    If no Documents or Things exist that are responsive to the request, You should specify that no Documents or Things exist.  If any Documents or Things requested have been lost, discarded, or destroyed, You should identify the Documents or Things so lost, discarded, or destroyed.

6.    Defendant requests that You provide all Documents in Your possession, custody, or control, including all Documents in the possession, custody, or control of You or Your attorneys, representatives, or agents. As used herein, "in Your possession, custody, or control" includes constructive possession where You have the right to compel production of the Document from a third party (including any agent, employee, attorney, accountant, or other representative).

7.    To the extent that the location of a Document called for by a request is unknown to You, please state that You lack knowledge of the Document's location.

8.    If any information or documents are withheld under a claim of privilege, exemption, or immunity from discovery, please identify the request to which You are asserting a claim of

# Exhibit A

privilege, identify the privilege(s) You are asserting, and state whether You are withholding information or documents from production based upon the assertion of the privilege(s).

## DEFINITIONS

Please observe the following definitions of words that may be used in these requests:

1.      **"You", "Your", "Smartscaping, LLC", or "Smartscaping"** means Smartscaping, LLC and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees of Smartscaping, LLC acting in their capacity as such.

2.      **"Landscape Consultants of Texas, Inc.", "Landscape Consultants", or "Plaintiff"** means Landscape Consultants of Texas, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Landscape Consultants of Texas, Inc. acting in their capacity as such.

3.      **"Harris County"** or **"Defendant"** means Harris County, Texas, and all departments, divisions, or other units thereof (including but not limited to the Harris County Toll Road Authority), and all officers and employees of Harris County, Texas (and all departments, divisions, or other units thereof) acting in their capacity as such.

4.      **"Lawsuit"** means the above styled civil action, *Landscape Consultants of Texas, Inc. v. Harris County, Texas, et al.*; Civil Case No. 4:25-00479, pending in the United States District Court for the Southern District of Texas, Houston Division.

5.      **"Complaint"** means Landscape Consultants' Complaint filed in this Lawsuit and any amendments thereto.

6.      "**Harris County MWBE Program**" or "**MWBE Program**" means the Harris County Minority- and Woman-Owned Business Enterprise Program Policy adopted by order of the Harris County Commissioners Court on November 10, 2020.

7.      **"Metropolitan Landscape Management, Inc.", "Metropolitan Management", or "Metropolitan"** means Metropolitan Landscape Management, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Metropolitan Landscape Management, Inc. acting in their capacity as such.

8.      **"Thompson Companies, Inc.", "Thompson Companies", or "Thompson Co."** means Thompson Companies, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Thompson Companies, Inc. acting in their capacity as such.

# Exhibit A

9.  **"Related Entities"** means, collectively, Landscape Consultants, Metropolitan, and Thompson Companies.

10. **"Person"** means a natural person or entity of any type, including but not limited to, law firms, partnerships, corporations, associations, and other entities recognized in law, as well as divisions, departments, or other units thereof.

11. **"Communication(s)"** means the oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to, telephone, text message, instant message, social media, mail, e-mail, letter, and personal conversation(s).

12. **"Document(s)"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13. **"Thing(s)"** is used in the broadest sense to include everything contemplated by Fed. R. Civ. P. 34(a)(1)(B) and any applicable case law.

14. The phrases **"relate to"**, **"related to"**, and **"relating to"**, or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

15. Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

16. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

17. The use of a verb in any context shall be construed as the verb in all tenses. The plural shall include the singular and the singular shall include the plural.

18. Each paragraph below shall operate and be responded to independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

# Exhibit A

## REQUESTS FOR PRODUCTION

**Request for Production No. 1.**      All Harris County contracts, memoranda of understanding, or other agreements entered into by You (or on Your behalf) and Landscape Consultants (or other Related Entity) from January 1, 2019 to present.

**Response:**

**Request for Production No. 2.**      All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that relate to or reference bids, proposals, pitches, budgets, or other information submitted by Landscape Consultants (or other Related Entity) to Harris County to perform landscaping services.

**Response:**

**Request for Production No. 3.**      All Documents (including but not limited to bids, proposals, pitches, budgets, or other information) submitted by You (or on Your behalf) to Landscape Consultants (or other Related Entity) to subcontract for landscaping services from January 1, 2019 to present.

**Response:**

**Request for Production No. 4.**      All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from June 30, 2020 to present that reference the Harris County MWBE Program.

**Response:**

**Request for Production No. 5.**      All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that refer to Harris County's denial or rejection of a bid, proposal, pitch, budget, or other information submitted by Landscape Consultants (or other Related Entity) or on their behalf or that refer to the reasons for such denial or rejection.

**Response:**

**Request for Production No. 6.**      All Documents and Communications between You or anyone acting on Your behalf and Landscape Consultants (or other Related Entity) reflecting Landscape Consultants' (or Metropolitan's) solicitation of proposals, bids, pitches, budgets, or other information from You in order for Landscape Consultants (or other Related Entity) to comply with the provisions of the MWBE Program.

**Response:**

# Exhibit A

---

**EXHIBIT A – DOCUMENT REQUESTS**                                              **PAGE 5**

**Request for Production No. 7.**    All Documents and Communications between You and Landscape Consultants (or other Related Entity) that relate to a dispute or disagreement over Your subcontract, letter of intent to subcontract, or other agreement to perform work on a Harris County contract with Landscape Consultants (or other Related Entity).

**Response:**

**Request for Production No. 8.**    All Documents (including but not limited to logs, charts, schedules, spreadsheets, timesheets, sign-in sheets, and dispatch records) and Communications related to the work allocated to You by Landscape Consultants (or other Related Entity) on each and every contract You perform with Landscape Consultants (or other Related Entity).

**Response:**

# Exhibit A

---

**EXHIBIT A – DOCUMENT REQUESTS**                                        **PAGE 6**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § | |

---

**BUSINESS RECORDS AFFIDAVIT FOR**
**THE CUSTODIAN OF RECORDS OF SMARTSCAPING, LLC**

---

Before me, the undersigned authority, personally appeared _____ , who being by and duly sworn, deposed as follows:

My name is _____. I am of sound mind, am capable of making this affidavit, am personally acquainted with the facts herein, and state that they are true and correct:

I am a custodian of records for _____ ("_____"). Attached hereto are _____ pages of records from _____ that are kept in the regular course of business, and it was in the regular course of business of _____ for any employee or representative of _____ with knowledge of the act or event to make the records or to transmit information thereof to the inclined in such records; and the records were made at or near the time of the act or event or reasonably soon thereafter. The records attached hereto are exact duplicates of the original.


_____
Custodian of Records / Affiant

# Exhibit A

---

**BUSINESS RECORDS AFFIDAVIT**                                                    **PAGE 1**

STATE OF _____          §
                                         §
COUNTY OF _____           §

       SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority on this _____ day of

_____ , 2026.


                                _____
                                  Notary Public in and for the State of Texas

# Exhibit A

**BUSINESS RECORDS AFFIDAVIT**                                                                                           **PAGE 2**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § § | |

---

## DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE *SUBPOENA DUCES TECUM* ON NONPARTY USA AMTECH, INC.

---

TO:    Plaintiff Landscape Consultants of Texas, Inc., by and through its attorneys of record, Erin Wilcox and Laura D'Agostino, Pacific Legal Foundation, 555 Capitol Mall, Ste. 1290, Sacramento, CA, 95814.

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Defendant Harris County, Texas hereby provides notice of its intent to serve the Subpoena Duces Tecum appended hereto on nonparty, USA AmTech, Inc. ("USA AmTech"), for the production of all documents responsive to the document requests listed in Exhibit A of the Subpoena that are in its possession, custody, or control. Service of the Subpoena will be effectuated on USA AmTech in seven (7) days.

# Exhibit A

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE**
**SUBPOENA DUCES TECUM ON NONPARTY**                                                                **PAGE 1**

**Dated: March 17, 2026**                        Respectfully submitted,

                                                 /s/ *Lauren Brogdon*
                                                 Lauren Brogdon, Attorney-in-Charge
                                                 Texas State Bar No. 24082736
                                                 S.D. Tex. Bar No. 1708833
                                                 HAYNES AND BOONE, LLP
                                                 1221 McKinney Street, Suite 4000
                                                 Houston, Texas 77010
                                                 Telephone: (713) 547-2006
                                                 Facsimile: (713) 236-5474
                                                 *lauren.brogdon@haynesboone.com*

                                                 Jonathan Fombonne
                                                 Harris County Attorney
                                                 Harris County, Texas
                                                 Texas State Bar No. 24102702
                                                 S.D. Tex. Bar No. 3016436
                                                 1019 Congress Plaza, 15th Floor
                                                 Telephone: (713) 274-5101
                                                 Facsimile: (713) 755-8924
                                                 *jonathan.fombonne@harriscountytx.gov*

                                                 **ATTORNEYS FOR HARRIS COUNTY, TEXAS**

**OF COUNSEL:**

| Mark Trachtenberg | John W. Turner |
|---|---|
| State Bar No. 24008169 | State Bar No. 24028085 |
| S.D. Tex. Bar No. 24584 | S.D. Tex. Bar No. 29803 |
| HAYNES AND BOONE, LLP | HAYNES AND BOONE, LLP |
| 1221 McKinney Street, Suite 4000 | 2801 N. Harwood Street, Suite 2300 |
| Houston, Texas 77010 | Dallas, Texas 75201 |
| Telephone: (713) 547-2006 | Telephone: (214) 651-5671 |
| Facsimile: (713) 236-5474 | Facsimile: (214) 200-0780 |
| *mark.trachtenberg@haynesboone.com* | *john.turner@haynesboone.com* |

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that a true and correct copy of the foregoing document was served on counsel for Plaintiffs by email on March 17, 2026.

                                                 */s/ Lauren Brogdon*
                                                 Lauren Brogdon

# Exhibit A

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE**
**SUBPOENA DUCES TECUM ON NONPARTY**                                   **PAGE 2**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| Landscape Consultants of Texas, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    4:25-cv-00479 |
| | ) | |
| Harris County, Texas | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
USA AmTech, Inc., c/o Mohsin Ulhaque, 15 Wooded Path Pl., The Woodlands, TX 77382

*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  *See* **Exhibit A,** attached hereto.

| Place: Haynes and Boone, LLP c/o Lauren Brogdon 1221 McKinney St.,  Ste. 4000 Houston, TX 77010 | For electronic delivery option, *see* **Exhibit A**, attached hereto. | Date and Time:   No later than: **April 16, 2026, at 10:00 a.m.** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    March 24, 2026

            *CLERK OF COURT*
                                                    OR

_____              _____
     *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
    Harris County, Texas _____ , who issues or requests this subpoena, are:

    Lauren Brogdon, 1221 McKinney St., Ste. 4000, Houston, TX 77010, lauren.brogdon@haynesboone.com, (713) 547-2006

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit A

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § § | |

---

## EXHIBIT A – DOCUMENT REQUESTS

---

### INSTRUCTIONS

In responding to these Requests for Production, please note the following instructions:

1.     Said production of documents shall be produced as follows:

**By hand delivery to:**                    Haynes and Boone, LLP
                                            c/o Lauren Brogdon
                                            1221 McKinney St., Ste. 4000
                                            Houston, TX 77010
                            *or*
**By electronic mail to:**                  Lauren.Brogdon@haynesboone.com
                                            Harry.Phillips@haynesboone.com

**Alternatively, You may upload responsive documents via a secure server, with a link that can be provided upon contacting the above email addresse**s.

**Date and Time:**                          No later than **April 16, 2026, at 10:00 a.m.**

2.     You are to produce the Documents requested herein by delivering to the above-listed Attorney of Record either the originals or duplicates of the requested Documents, in the format required by the Federal Rules of Civil Procedure.

# Exhibit A

---

**EXHIBIT A – DOCUMENT REQUESTS**                                          **PAGE 1**

3.      Unless otherwise agreed:

      a.  All Documents existing in electronic format should be produced in searchable PDF form. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Email attachments shall be produced sequentially after the parent email.

      b.  When it is impracticable for an electronic Document to be produced as a searchable PDF file, including because any information contained in the Document would be omitted, distorted, format, You may produce the document in its native format. When the production of an electronic document, such as an excel Document, would lead to an excessive number of pages when converted to a PDF file, such Document should be produced in its native format.

      c.  Documents that are e-mail messages should contain these additional metadata Fields: (a) <u>To</u>: Addressee(s) of the message; (b) <u>From</u>: The e-mail address of the person sending the message; (c) <u>CC</u>: Person(s) copied on the message; (d) <u>BCC</u>: Person(s) blind copied on the message; (e) <u>Date Sent</u>: Date the message was sent; (f) <u>Time Sent</u>: Time the message was sent; (g) <u>Subject</u>: Subject line of the message; (h) <u>Date Received</u>: Date the message was received; (i) Time Received: Time the message was received; and (j) <u>Attachments</u>: The Bates number ranges of e-mail attachments.

      d.  If You are incapable of producing the requested documents via the above-listed method of production, please contact Lauren Brogdon at Lauren.Brogdon@haynesboone.com, (713) 547-2006 **and** Harry Phillips at Harry.Phillips@haynesboone.com (713) 547-2334.

4.      Your objections and responses to each request are governed by Rule 45 of the Federal Rules of Civil Procedure.

5.      If no Documents or Things exist that are responsive to the request, You should specify that no Documents or Things exist.  If any Documents or Things requested have been lost, discarded, or destroyed, You should identify the Documents or Things so lost, discarded, or destroyed.

6.      Defendant requests that You provide all Documents in Your possession, custody, or control, including all Documents in the possession, custody, or control of You or Your attorneys, representatives, or agents. As used herein, "in Your possession, custody, or control" includes constructive possession where You have the right to compel production of the Document from a third party (including any agent, employee, attorney, accountant, or other representative).

7.      To the extent that the location of a Document called for by a request is unknown to You, please state that You lack knowledge of the Document's location.

8.      If any information or documents are withheld under a claim of privilege, exemption, or immunity from discovery, please identify the request to which You are asserting a claim of

# Exhibit A

privilege, identify the privilege(s) You are asserting, and state whether You are withholding information or documents from production based upon the assertion of the privilege(s).

## DEFINITIONS

Please observe the following definitions of words that may be used in these requests:

1.  **"You", "Your", "USA AmTech, Inc.", or "USA AmTech"** means USA AmTech, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees of USA AmTech, Inc. acting in their capacity as such.

2.  **"Landscape Consultants of Texas, Inc.", "Landscape Consultants", or "Plaintiff"** means Landscape Consultants of Texas, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Landscape Consultants of Texas, Inc. acting in their capacity as such.

3.  **"Harris County" or "Defendant"** means Harris County, Texas, and all departments, divisions, or other units thereof (including but not limited to the Harris County Toll Road Authority), and all officers and employees of Harris County, Texas (and all departments, divisions, or other units thereof) acting in their capacity as such.

4.  **"Lawsuit"** means the above styled civil action, *Landscape Consultants of Texas, Inc. v. Harris County, Texas, et al.*; Civil Case No. 4:25-00479, pending in the United States District Court for the Southern District of Texas, Houston Division.

5.  **"Complaint"** means Landscape Consultants' Complaint filed in this Lawsuit and any amendments thereto.

6.  "**Harris County MWBE Program" or "MWBE Program"** means the Harris County Minority- and Woman-Owned Business Enterprise Program Policy adopted by order of the Harris County Commissioners Court on November 10, 2020.

7.  **"Metropolitan Landscape Management, Inc.", "Metropolitan Management", or "Metropolitan"** means Metropolitan Landscape Management, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Metropolitan Landscape Management, Inc. acting in their capacity as such.

8.  **"Thompson Companies, Inc.", "Thompson Companies", or "Thompson Co."** means Thompson Companies, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Thompson Companies, Inc. acting in their capacity as such.

# Exhibit A

---

**EXHIBIT A – DOCUMENT REQUESTS**                                    **PAGE 3**

9.    **"Related Entities"** means, collectively, Landscape Consultants, Metropolitan, and Thompson Companies.

10.    **"Person"** means a natural person or entity of any type, including but not limited to, law firms, partnerships, corporations, associations, and other entities recognized in law, as well as divisions, departments, or other units thereof.

11.    **"Communication(s)"** means the oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to, telephone, text message, instant message, social media, mail, e-mail, letter, and personal conversation(s).

12.    **"Document(s)"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13.    **"Thing(s)"** is used in the broadest sense to include everything contemplated by Fed. R. Civ. P. 34(a)(1)(B) and any applicable case law.

14.    The phrases **"relate to"**, **"related to"**, and **"relating to"**, or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

15.    Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

16.    The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

17.    The use of a verb in any context shall be construed as the verb in all tenses. The plural shall include the singular and the singular shall include the plural.

18.    Each paragraph below shall operate and be responded to independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

# Exhibit A

## REQUESTS FOR PRODUCTION

**Request for Production No. 1.**    All Harris County contracts, memoranda of understanding, or other agreements entered into by You (or on Your behalf) and Landscape Consultants (or other Related Entity) from January 1, 2019 to present.

**Response:**

**Request for Production No. 2.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that relate to or reference bids, proposals, pitches, budgets, or other information submitted by Landscape Consultants (or other Related Entity) to Harris County to perform landscaping services.

**Response:**

**Request for Production No. 3.**    All Documents (including but not limited to bids, proposals, pitches, budgets, or other information) submitted by You (or on Your behalf) to Landscape Consultants (or other Related Entity) to subcontract for landscaping services from January 1, 2019 to present.

**Response:**

**Request for Production No. 4.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from June 30, 2020 to present that reference the Harris County MWBE Program.

**Response:**

**Request for Production No. 5.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that refer to Harris County's denial or rejection of a bid, proposal, pitch, budget, or other information submitted by Landscape Consultants (or other Related Entity) or on their behalf or that refer to the reasons for such denial or rejection.

**Response:**

**Request for Production No. 6.**    All Documents and Communications between You or anyone acting on Your behalf and Landscape Consultants (or other Related Entity) reflecting Landscape Consultants' (or Metropolitan's) solicitation of proposals, bids, pitches, budgets, or other information from You in order for Landscape Consultants (or other Related Entity) to comply with the provisions of the MWBE Program.

**Response:**

# Exhibit A

**Request for Production No. 7.**     All Documents and Communications between You and Landscape Consultants (or other Related Entity) that relate to a dispute or disagreement over Your subcontract, letter of intent to subcontract, or other agreement to perform work on a Harris County contract with Landscape Consultants (or other Related Entity).

**Response:**

**Request for Production No. 8.**     All Documents (including but not limited to logs, charts, schedules, spreadsheets, timesheets, sign-in sheets, and dispatch records) and Communications related to the work allocated to You by Landscape Consultants (or other Related Entity) on each and every contract You perform with Landscape Consultants (or other Related Entity).

**Response:**

# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

LANDSCAPE CONSULTANTS OF TEXAS, §
INC., §
§
§
     Plaintiff, §
§
§
v. §
§          Civil Case No. 4:25-cv-00479
§
HARRIS COUNTY, TEXAS, §
§
§
§
     Defendants. §
§
§
§

---

**BUSINESS RECORDS AFFIDAVIT FOR
THE CUSTODIAN OF RECORDS OF USA AMTECH, INC.**

---

Before me, the undersigned authority, personally appeared _____ , who

being by and duly sworn, deposed as follows:

My name is _____. I am of sound mind, am capable of making

this affidavit, am personally acquainted with the facts herein, and state that they are true and correct:

I am a custodian of records for _____ ("_____"). Attached hereto are _____ pages

of records from _____ that are kept in the regular course of business, and it was in the regular

course of business of _____ for any employee or representative of _____

with knowledge of the act or event to make the records or to transmit information thereof to the inclined in

such records; and the records were made at or near the time of the act or event or reasonably soon thereafter.

The records attached hereto are exact duplicates of the original.


_____
Custodian of Records / Affiant


# Exhibit A

---

**BUSINESS RECORDS AFFIDAVIT**                                                                                      **PAGE 1**

STATE OF _____    §
                                    §
COUNTY OF _____     §

      SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority on this _____ day of

_____ , 2026.


_____
Notary Public in and for the State of Texas

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § § | |

---

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE**
***SUBPOENA DUCES TECUM* ON NONPARTY X SCAPE ENVIRONMENTAL, LLC**

---

TO:    Plaintiff Landscape Consultants of Texas, Inc., by and through its attorneys of record, Erin Wilcox and Laura D'Agostino, Pacific Legal Foundation, 555 Capitol Mall, Ste. 1290, Sacramento, CA, 95814.

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Defendant Harris County, Texas hereby provides notice of its intent to serve the Subpoena Duces Tecum appended hereto on nonparty, X Scape Environmental, LLC ("X Scape"), for the production of all documents responsive to the document requests listed in Exhibit A of the Subpoena that are in its possession, custody, or control. Service of the Subpoena will be effectuated on X Scape in seven (7) days.

# Exhibit A

**DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE**
**SUBPOENA DUCES TECUM ON NONPARTY**                                          **PAGE 1**

**Dated: March 17, 2026**                              Respectfully submitted,

/s/ *Lauren Brogdon*
Lauren Brogdon, Attorney-in-Charge
Texas State Bar No. 24082736
S.D. Tex. Bar No. 1708833
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2006
Facsimile: (713) 236-5474
*lauren.brogdon@haynesboone.com*

Jonathan Fombonne
Harris County Attorney
Harris County, Texas
Texas State Bar No. 24102702
S.D. Tex. Bar No. 3016436
1019 Congress Plaza, 15th Floor
Telephone: (713) 274-5101
Facsimile: (713) 755-8924
*jonathan.fombonne@harriscountytx.gov*

**ATTORNEYS FOR HARRIS COUNTY, TEXAS**

**OF COUNSEL:**

| | |
|---|---|
| Mark Trachtenberg<br>State Bar No. 24008169<br>S.D. Tex. Bar No. 24584<br>HAYNES AND BOONE, LLP<br>1221 McKinney Street, Suite 4000<br>Houston, Texas 77010<br>Telephone: (713) 547-2006<br>Facsimile: (713) 236-5474<br>*mark.trachtenberg@haynesboone.com* | John W. Turner<br>State Bar No. 24028085<br>S.D. Tex. Bar No. 29803<br>HAYNES AND BOONE, LLP<br>2801 N. Harwood Street, Suite 2300<br>Dallas, Texas 75201<br>Telephone: (214) 651-5671<br>Facsimile: (214) 200-0780<br>*john.turner@haynesboone.com* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel for Plaintiffs by email on March 17, 2026.

/s/ *Lauren Brogdon*
Lauren Brogdon

# Exhibit A

DEFENDANT HARRIS COUNTY, TEXAS' NOTICE OF INTENT TO SERVE
SUBPOENA DUCES TECUM ON NONPARTY                                        **PAGE 2**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| Landscape Consultants of Texas, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    4:25-cv-00479 |
| | ) | |
| Harris County, Texas | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

X Scape Environmental, LLC, c/o Jose Rodriguez, 5719 Berwick Ct., Sugar Land, TX 77479

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *See* **Exhibit A,** attached hereto.

| Place: Haynes and Boone, LLP<br>c/o Lauren Brogdon<br>1221 McKinney St., Ste. 4000<br>Houston, TX 77010 | For electronic delivery option, *see* **Exhibit A**, attached hereto. | Date and Time:  No later than:<br>**April 16, 2026, at 10:00 a.m.** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    March 24, 2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Harris County, Texas _____ , who issues or requests this subpoena, are:

Lauren Brogdon, 1221 McKinney St., Ste. 4000, Houston, TX 77010, lauren.brogdon@haynesboone.com, (713) 547-2006

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § § | |

---

## EXHIBIT A – DOCUMENT REQUESTS

---

### <u>INSTRUCTIONS</u>

In responding to these Requests for Production, please note the following instructions:

1.    Said production of documents shall be produced as follows:

**By hand delivery to:**          Haynes and Boone, LLP
                                  c/o Lauren Brogdon
                                  1221 McKinney St., Ste. 4000
                                  Houston, TX 77010

                        *or*

**By electronic mail to:**        Lauren.Brogdon@haynesboone.com
                                  Harry.Phillips@haynesboone.com

**Alternatively, You may upload responsive documents via a secure server, with a link that can be provided upon contacting the above email addresse**s.

**Date and Time:**                No later than **April 16, 2026, at 10:00 a.m.**

2.    You are to produce the Documents requested herein by delivering to the above-listed Attorney of Record either the originals or duplicates of the requested Documents, in the format required by the Federal Rules of Civil Procedure.

# Exhibit A

---

**EXHIBIT A – DOCUMENT REQUESTS**                                    **PAGE 1**

3.      Unless otherwise agreed:

    a.  All Documents existing in electronic format should be produced in searchable PDF form. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Email attachments shall be produced sequentially after the parent email.

    b.  When it is impracticable for an electronic Document to be produced as a searchable PDF file, including because any information contained in the Document would be omitted, distorted, format, You may produce the document in its native format. When the production of an electronic document, such as an excel Document, would lead to an excessive number of pages when converted to a PDF file, such Document should be produced in its native format.

    c.  Documents that are e-mail messages should contain these additional metadata Fields: (a) <u>To</u>: Addressee(s) of the message; (b) <u>From</u>: The e-mail address of the person sending the message; (c) <u>CC</u>: Person(s) copied on the message; (d) <u>BCC</u>: Person(s) blind copied on the message; (e) <u>Date Sent</u>: Date the message was sent; (f) <u>Time Sent</u>: Time the message was sent; (g) <u>Subject</u>: Subject line of the message; (h) <u>Date Received</u>: Date the message was received; (i) Time Received: Time the message was received; and (j) <u>Attachments</u>: The Bates number ranges of e-mail attachments.

    d.  If You are incapable of producing the requested documents via the above-listed method of production, please contact Lauren Brogdon at Lauren.Brogdon@haynesboone.com, (713) 547-2006 **and** Harry Phillips at Harry.Phillips@haynesboone.com (713) 547-2334.

4.      Your objections and responses to each request are governed by Rule 45 of the Federal Rules of Civil Procedure.

5.      If no Documents or Things exist that are responsive to the request, You should specify that no Documents or Things exist.  If any Documents or Things requested have been lost, discarded, or destroyed, You should identify the Documents or Things so lost, discarded, or destroyed.

6.      Defendant requests that You provide all Documents in Your possession, custody, or control, including all Documents in the possession, custody, or control of You or Your attorneys, representatives, or agents. As used herein, "in Your possession, custody, or control" includes constructive possession where You have the right to compel production of the Document from a third party (including any agent, employee, attorney, accountant, or other representative).

7.      To the extent that the location of a Document called for by a request is unknown to You, please state that You lack knowledge of the Document's location.

8.      If any information or documents are withheld under a claim of privilege, exemption, or immunity from discovery, please identify the request to which You are asserting a claim of

# Exhibit A

---

privilege, identify the privilege(s) You are asserting, and state whether You are withholding information or documents from production based upon the assertion of the privilege(s).

## DEFINITIONS

Please observe the following definitions of words that may be used in these requests:

1.      **"You", "Your", "X Scape Environmental, LLC" or "X Scape"** means X Scape Environmental, LLC and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees of X Scape Environmental, LLC acting in their capacity as such.

2.      **"Landscape Consultants of Texas, Inc.", "Landscape Consultants", or "Plaintiff"** means Landscape Consultants of Texas, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Landscape Consultants of Texas, Inc. acting in their capacity as such.

3.      **"Harris County"** or **"Defendant"** means Harris County, Texas, and all departments, divisions, or other units thereof (including but not limited to the Harris County Toll Road Authority), and all officers and employees of Harris County, Texas (and all departments, divisions, or other units thereof) acting in their capacity as such.

4.      **"Lawsuit"** means the above styled civil action, *Landscape Consultants of Texas, Inc. v. Harris County, Texas, et al.*; Civil Case No. 4:25-00479, pending in the United States District Court for the Southern District of Texas, Houston Division.

5.      **"Complaint"** means Landscape Consultants' Complaint filed in this Lawsuit and any amendments thereto.

6.      "**Harris County MWBE Program**" or "**MWBE Program**" means the Harris County Minority- and Woman-Owned Business Enterprise Program Policy adopted by order of the Harris County Commissioners Court on November 10, 2020.

7.      **"Metropolitan Landscape Management, Inc.", "Metropolitan Management", or "Metropolitan"** means Metropolitan Landscape Management, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Metropolitan Landscape Management, Inc. acting in their capacity as such.

8.      **"Thompson Companies, Inc.", "Thompson Companies", or "Thompson Co."** means Thompson Companies, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees (including Gerald Thompson, Theresa Thompson, Jeremy Thompson, and/or Lindsey Thompson) of Thompson Companies, Inc. acting in their capacity as such.

# Exhibit A

9.      **"Related Entities"** means, collectively, Landscape Consultants, Metropolitan, and Thompson Companies.

10.     **"Person"** means a natural person or entity of any type, including but not limited to, law firms, partnerships, corporations, associations, and other entities recognized in law, as well as divisions, departments, or other units thereof.

11.     **"Communication(s)"** means the oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to, telephone, text message, instant message, social media, mail, e-mail, letter, and personal conversation(s).

12.     **"Document(s)"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13.     **"Thing(s)"** is used in the broadest sense to include everything contemplated by Fed. R. Civ. P. 34(a)(1)(B) and any applicable case law.

14.     The phrases **"relate to"**, **"related to"**, and **"relating to"**, or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

15.     Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

16.     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

17.     The use of a verb in any context shall be construed as the verb in all tenses. The plural shall include the singular and the singular shall include the plural.

18.     Each paragraph below shall operate and be responded to independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

# Exhibit A

## REQUESTS FOR PRODUCTION

**Request for Production No. 1.**    All Harris County contracts, memoranda of understanding, or other agreements entered into by You (or on Your behalf) and Landscape Consultants (or other Related Entity) from January 1, 2019 to present.

**Response:**

**Request for Production No. 2.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that relate to or reference bids, proposals, pitches, budgets, or other information submitted by Landscape Consultants (or other Related Entity) to Harris County to perform landscaping services.

**Response:**

**Request for Production No. 3.**    All Documents (including but not limited to bids, proposals, pitches, budgets, or other information) submitted by You (or on Your behalf) to Landscape Consultants (or other Related Entity) to subcontract for landscaping services from January 1, 2019 to present.

**Response:**

**Request for Production No. 4.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from June 30, 2020 to present that reference the Harris County MWBE Program.

**Response:**

**Request for Production No. 5.**    All Documents and Communications shared between You and Landscape Consultants (or other Related Entity) from January 1, 2019 to present that refer to Harris County's denial or rejection of a bid, proposal, pitch, budget, or other information submitted by Landscape Consultants (or other Related Entity) or on their behalf or that refer to the reasons for such denial or rejection.

**Response:**

**Request for Production No. 6.**    All Documents and Communications between You or anyone acting on Your behalf and Landscape Consultants (or other Related Entity) reflecting Landscape Consultants' (or Metropolitan's) solicitation of proposals, bids, pitches, budgets, or other information from You in order for Landscape Consultants (or other Related Entity) to comply with the provisions of the MWBE Program.

**Response:**

**Request for Production No. 7.**    All Documents and Communications between You and Landscape Consultants (or other Related Entity) that relate to a dispute or disagreement over Your subcontract, letter of intent to subcontract, or other agreement to perform work on a Harris County contract with Landscape Consultants (or other Related Entity).

# Exhibit A

**EXHIBIT A – DOCUMENT REQUESTS**                                                    **PAGE 5**

**Response:**

**Request for Production No. 8.**     All Documents (including but not limited to logs, charts, schedules, spreadsheets, timesheets, sign-in sheets, and dispatch records) and Communications related to the work allocated to You by Landscape Consultants (or other Related Entity) on each and every contract You perform with Landscape Consultants (or other Related Entity).

**Response:**

# Exhibit A

---

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § | |

---

**BUSINESS RECORDS AFFIDAVIT FOR
THE CUSTODIAN OF RECORDS OF X SCAPE ENVIRONMENTAL, LLC**

---

Before me, the undersigned authority, personally appeared _____ , who being by and duly sworn, deposed as follows:

My name is _____. I am of sound mind, am capable of making this affidavit, am personally acquainted with the facts herein, and state that they are true and correct:

I am a custodian of records for _____ ("_____"). Attached hereto are _____ pages of records from _____ that are kept in the regular course of business, and it was in the regular course of business of _____ for any employee or representative of _____ with knowledge of the act or event to make the records or to transmit information thereof to the inclined in such records; and the records were made at or near the time of the act or event or reasonably soon thereafter. The records attached hereto are exact duplicates of the original.

_____
Custodian of Records / Affiant

# Exhibit A

---

**BUSINESS RECORDS AFFIDAVIT**                                                                 **PAGE 1**

STATE OF _____    §
                                    §
COUNTY OF _____     §

SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority on this _____ day of

_____ , 2026.


_____
Notary Public in and for the State of Texas

# Exhibit A

**BUSINESS RECORDS AFFIDAVIT**                                              **PAGE 2**