**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Case No. 4:25-00479 |
| HARRIS COUNTY, TEXAS; and the HARRIS COUNTY COMMISSIONERS COURT, | § § § § § | |
| Defendants. | § § § | |

**DEFENDANT HARRIS COUNTY, TEXAS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Harris County, Texas submits the following requests for production to Plaintiff Landscape Consultants of Texas, Inc.

**INSTRUCTIONS**

In responding to these Requests for Production, please note the following instructions:

1.      You are to produce the Documents requested herein by delivering to counsel for Defendant either the originals or duplicates of the requested Documents, in the format required by the Federal Rules of Civil Procedure or as otherwise ordered by the Court.

2.      Unless otherwise agreed between the parties:

   a.   All Documents existing in electronic format should be produced in single page TIFF imaged at a resolution of at least 300 dpi. Each TIFF image shall be named according to a unique corresponding bates number associated with the Document. Each image shall be branded according to the Bates number and the confidentiality designations defined in any protective order that may issue. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Email attachments shall be produced sequentially after the parent email. Each document production will be accompanied by two load files: (1) an image load file, and (2) a metadata load file.

**Exhibit E**

**HARRIS COUNTY, TEXAS' FIRST SET OF REQUESTS FOR PRODUCTION TO**
**PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**                                    **PAGE 1**

b. When it is impracticable for an electronic Document to be produced as a TIFF file, including because any information contained in the Document would be omitted, distorted, format, a party may produce the document in its native format. When the production of an electronic document, such as an excel Document, would lead to an excessive number of pages when converted to a TIFF file, such Document should be produced in its native format.

c. Load files should include, where applicable, the following metadata: (a) Identifier: A unique production identifier of the item; (b) File Name: The original name of the item or file when collected from the source custodian or system; (c) Custodian: The name of the custodian or source system from which the item was collected; (d) Source Device: The device from which the item was collected; (e) Source Path: The file path from the location from which the item was collected; (f) Production Path: The file path to the item produced from the production media; (g) Modified Date: The last modified date of the item when collected from the source custodian or system; (h) Modified Time: The last modified time of the item when collected from the source custodian or system; and (i) Time Offset Value: The universal time offset of the item's modified date and time based on the source system's time zone and daylight savings time settings.

d. Documents that are e-mail messages should contain these additional metadata Fields: (a) To: Addressee(s) of the message; (b) From: The e-mail address of the person sending the message; (c) CC: Person(s) copied on the message; (d) BCC: Person(s) blind copied on the message; (e) Date Sent: Date the message was sent; (f) Time Sent: Time the message was sent; (g) Subject: Subject line of the message; (h) Date Received: Date the message was received; (i) Time Received: Time the message was received; and (j) Attachments: The Bates number ranges of e-mail attachments.

3. Your objections and responses to each request, including the time to respond and content of each response, are subject to the requirements of Rules 26 and 34 of the Federal Rules of Civil Procedure.

4. If no Documents or Things exist that are responsive to the request, You should specify that no Documents or Things exist. If any Documents or Things requested have been lost, discarded, or destroyed, You should identify the Documents or Things so lost, discarded, or destroyed.

5. Defendant requests that You provide all Documents in Your possession, custody, or control, including all Documents in the possession, custody, or control of You or Your attorneys, representatives, or agents. As used herein, "in Your possession, custody, or control" includes constructive possession where You have the right to compel production of the Document from a third party (including any agent, employee, attorney, accountant, or other representative).

6. To the extent that the location of a Document called for by a request is unknown to You, please state that You lack knowledge of the Document's location.

# Exhibit E

**HARRIS COUNTY, TEXAS' FIRST SET OF REQUESTS FOR PRODUCTION TO**
**PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**                                    **PAGE 2**

7.      If any information or documents are withheld under a claim of privilege, exemption, or immunity from discovery, please identify the request to which You are asserting a claim of privilege, identify the privilege(s) You are asserting, and state whether You are withholding information or documents from production based upon the assertion of the privilege(s).

8.      Your obligation to respond to these requests is continuing and Your responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

Please observe the following definitions of words that may be used in these requests:

1.      **"You", "Your", "Landscape Consultants of Texas, Inc.", "Landscape Consultants", or "Plaintiff"** means Landscape Consultants of Texas, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees of Landscape Consultants of Texas, Inc. acting in their capacity as such.

2.      **"Harris County"** or **"Defendant"** means Harris County, Texas, and all departments, divisions, or other units thereof (including but not limited to the Harris County Toll Road Authority), and all officers and employees of Harris County, Texas (and all departments, divisions, or other units thereof) acting in their capacity as such.

3.      **"Lawsuit"** means the above styled civil action, *Landscape Consultants of Texas, Inc. v. Harris County, Texas, et al.*; Civil Case No. 4:25-00479, pending in the United States District Court for the Southern District of Texas, Houston Division.

4.      **"Complaint"** means Landscape Consultants' Complaint filed in this Lawsuit and any amendments thereto.

5.      "**Harris County MWBE Program"** or **"MWBE Program"** means the Harris County Minority- and Woman-Owned Business Enterprise Program Policy adopted by order of the Harris County Commissioners Court on November 10, 2020.

6.      The **"June 2020 Disparity Study"** refers to the disparity study prepared by Colette Holt & Associates and referenced in the Agenda of the Harris County Commissioners Court on November 10, 2020.

7.      **"Person"** means a natural person or entity of any type, including but not limited to, law firms, partnerships, corporations, associations, and other entities recognized in law, as well as divisions, departments, or other units thereof.

8.      **"Communication(s)"** means the oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to, telephone, text message, instant message, social media, mail, e-mail, letter, and personal conversation(s).

# Exhibit E

**HARRIS COUNTY, TEXAS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**                                    **PAGE 3**

9.    **"Document(s)"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

10.    **"Thing(s)"** is used in the broadest sense to include everything contemplated by Fed. R. Civ. P. 34(a)(1)(B) and any applicable case law.

11.    The phrases **"relate to"**, **"related to"**, and **"relating to"**, or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

12.    The term **"identify"**:

    a.    when used in reference to any individual person, shall mean to state that individual's full name, present address, present employer, and occupation;

    b.    when used as reference to a person other than an individual, shall mean to state the legal nature of that person (e.g., a corporation, partnership, trust, estate, association, company), and to state its full name, address, and principal place of business; and

    c.    when used in reference to a Document (or Documents), shall mean to state the Document's author, signatory, addressee, title, date, and page length.

13.    Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

14.    The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

15.    The use of a verb in any context shall be construed as the verb in all tenses. The plural shall include the singular and the singular shall include the plural.

16.    Each paragraph below shall operate and be responded to independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

<u>**REQUESTS FOR PRODUCTION**</u>

**<u>REQUEST NO. 1.</u>**

    All contracts, memoranda of understanding, or other agreements entered into by You and Harris County from January 1, 2015 to the date of trial, including but not limited to (1) the contracts referenced in paragraphs 16 and 78-79 of the Complaint and (2) the contracts that You are currently performing for Harris County, as referenced in paragraph 17 of the Complaint.

**<u>RESPONSE:</u>**
# Exhibit E

**REQUEST NO. 2.**

All bids, proposals, pitches, budgets, or other information submitted by You or on Your behalf to Harris County to perform landscaping services from January 1, 2015 to the date of trial, including but not limited to the bids referenced in paragraph 17 of the Complaint.

**RESPONSE:**

**REQUEST NO. 3.**

All Communications between You and Harris County from January 1, 2015 to the date of trial that relate to or reference bids, proposals, pitches, budgets, or other information submitted by You or on Your behalf to Harris County to perform landscaping services since January 1, 2015, including but not limited to bids referenced in paragraph 17 of the Complaint.

**RESPONSE:**

**REQUEST NO. 4.**

All Communications between You and Harris County from June 30, 2020 to the date of trial that reference the Harris County MWBE Program.

**RESPONSE:**

**REQUEST NO. 5.**

All Communications between You and Harris County from January 1, 2015 to the date of trial that refer to Harris County's denial or rejection of a bid, proposal, pitch, budget, or other information submitted by You or on Your behalf or that refer to the reasons for such denial or rejection.

**RESPONSE:**

**REQUEST NO. 6.**

All contracts, memoranda of understanding, or agreements between You and any subcontractor for services to be performed under any contracts or agreements entered into between You and Harris County from January 1, 2015 to the date of trial.

# Exhibit E

**RESPONSE:**

**REQUEST NO. 7.**

All "utilization plans" submitted in connection with any bids, proposals, pitches, budgets, or other information submitted by You or someone on Your behalf to Harris County, as referenced in paragraph 55 of the Complaint.

**RESPONSE:**

**REQUEST NO. 8.**

All Documents submitted by You or on Your behalf to Harris County to show "Good Faith Efforts" to meet MWBE goals under the Harris County MWBE Program, as referenced in paragraph 59 of the Complaint and on pages 15-17 of the MWBE Program.

**RESPONSE:**

**REQUEST NO. 9.**

All Communications between You or someone on Your behalf and Harris County requesting a partial or total reduction of a contract MWBE goal for a contract or potential contract between You and Harris County.

**RESPONSE:**

**REQUEST NO. 10.**

All Documents reflecting or documenting Your attendance at any pre-bid conference conducted by Harris County to acquaint prime contractors, (as defined on page 4 of the MWBE Policy and discussed in Section VI, Part D, pages 15–16, of the MWBE Program), with available MWBE subcontractors or suppliers.

**RESPONSE:**

**REQUEST NO. 11.**

All Documents reflecting efforts made by You or on Your behalf to undertake any of the measures listed in numbered items 1-7 on pages 15-16 of the MWBE Program (referring to "Good

**Exhibit E**

Faith Efforts").

**RESPONSE:**


**REQUEST NO. 12.**

All Communications between You or anyone acting on Your behalf and any actual or potential subcontractor, reflecting Your solicitation of proposals, bids, pitches, budgets, or other information from the subcontractor or Your proposals, bids, or pitches to do business with the subcontractor, in order for You to comply with the provisions of the MWBE Program, including but not limited to the "Good Faith Efforts" described on pages 15-17 of the MWBE Program.

**RESPONSE:**


**REQUEST NO. 13.**

All Documents reflecting Your assessment of the performance of any subcontractor with whom You subcontracted in order to comply with the provisions of the MWBE Program, including but not limited to the "Good Faith Efforts" provisions described on pages 15-17 of the MWBE Program.

**RESPONSE:**


**REQUEST NO. 14.**

All Documents, including but not limited to Your books, accounts, and records, that show or support the existence of lost income, and the amount of such income, You have experienced through lost contracts and agreements as a result of MWBE utilization goals, as referenced in paragraph 62 of the Complaint.

**RESPONSE:**


**REQUEST NO. 15.**

All Documents, including but not limited to Your books, accounts, and records, that show or support the existence of lost income, and the amount of such income, You have experienced through diminished profits as a result of MWBE utilization goals, as referenced in paragraph 62 of the Complaint.

**RESPONSE:**

# Exhibit E

**REQUEST NO. 16.**

All Documents regarding the terms of the subcontracting agreement referenced in paragraph 70 of the Complaint, including any documents reflecting or discussing its terms.

**RESPONSE:**

**REQUEST NO. 17.**

All Documents regarding or reflecting the change in Your bid proposal in year five (as compared to previous years) of the multi-year contract with the Harris County Toll Road Authority, as referenced in paragraphs 67-70 of the Complaint.

**RESPONSE:**

**REQUEST NO. 18.**

All Communications between You or anyone acting on Your behalf and Harris County regarding, reflecting, or describing the reasons for the change in Your bid proposal in year five (as compared to previous years) of the multi-year contract with the Harris County Toll Road Authority, as referenced in paragraphs 67-70 of the Complaint.

**RESPONSE:**

**REQUEST NO. 19.**

All Communications between and among officers, directors, owners, founders, and/or employees of Landscape Consultants regarding, reflecting, or describing the reasons for the change in Your bid proposal in year five (as compared to previous years) of the multi-year contract with the Harris County Toll Road Authority, as referenced in paragraphs 67-70 of the Complaint.

**RESPONSE:**

**REQUEST NO. 20.**

All Communications between You or anyone acting on Your behalf and Harris County referring to or relating to any disadvantage You have experienced as a result of the MWBE Program, including but not limited to in relation to any of the contracts described in paragraphs 78 and 79 of the Complaint.

# Exhibit E

**HARRIS COUNTY, TEXAS' FIRST SET OF REQUESTS FOR PRODUCTION TO**
**PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**                          **PAGE 8**

**RESPONSE:**

**REQUEST NO. 21.**

All Communications between and among any officer, director, owner, founder, or employee of Landscape Consultants, including between Gerald and Theresa Thompson, referring to or relating to any disadvantage You have experienced as a result of the MWBE Program, including but not limited to in relation to any of the contracts described in paragraphs 78 and 79 of the Complaint.

**RESPONSE:**

**REQUEST NO. 22.**

All Documents and Communications regarding or reflecting any penalty or sanction proposed or implemented against You by Harris County due to any alleged failure by You to comply with the provisions of the MWBE Program.

**RESPONSE:**

**REQUEST NO. 23.**

All Documents supporting Your contention that the June 2020 Disparity Study, including any opinions, assessments, or conclusions that such study is flawed or that its data or conclusions are incorrect or unreliable.

**RESPONSE:**

**REQUEST NO. 24.**

All Documents reflecting data, assessments, or conclusions that contradict or call into question the data, assessments, or conclusions of the June 2020 Disparity Study.

**RESPONSE:**

**REQUEST NO. 25.**

The following corporate Documents pertaining to Landscape Consultants: (1) certificate of formation; (2) certificate of incorporation; (3) bylaws, and (4) Documents sufficient to show the

**Exhibit E**

ownership interests and percentages of Landscape Consultants, as referenced in paragraph 43 of the Complaint.

**RESPONSE:**

**REQUEST NO. 26.**

All Documents related to whether Landscape Consultants now meets (or does not meet) or has ever met (or not met) the Small Business Administration's size standards (as referenced in paragraph 39 of the Complaint) and the size standards set by Texas law (as referenced in paragraph 41 of the Complaint).

**RESPONSE:**

**REQUEST NO. 27.**

Excluding the lawsuit You filed against the City of Houston (styled *Landscape Consultants of Texas, Inc., and Metropolitan Landscape Management, Inc. v. City of Houston, Texas and Midtown Management District*, Civil Action No. 4:23-cv-03516) a copy of any petition, complaint, demand, or notice You filed against any entity relating to any contract with such entity, any services provided by You to such entity, or any services provided to You by such entity.

**RESPONSE:**

**REQUEST NO. 28.**

A copy of any petition, complaint, or demand any entity has filed against You relating to any contract with such entity, any services provided by You to such entity, or any services provided to You by such entity.

**RESPONSE:**

**REQUEST NO. 29.**

Excluding the lawsuit You filed against the City of Houston (styled *Landscape Consultants of Texas, Inc., and Metropolitan Landscape Management, Inc. v. City of Houston, Texas and Midtown Management District*, Civil Action No. 4:23-cv-03516) a copy of any petition, complaint, or demand You filed against any Person alleging unlawful discrimination.

**RESPONSE:**

# Exhibit E

**HARRIS COUNTY, TEXAS' FIRST SET OF REQUESTS FOR PRODUCTION TO
PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.** **PAGE 10**

**REQUEST NO. 30.**

A copy of any petition, complaint, or demand any Person has filed against You related to unlawful discrimination.

**RESPONSE:**

**REQUEST NO. 31.**

All Documents and Communications regarding or reflecting the specific instance(s) in which revocation of Your bonds has been threatened by a bonding company or surety company, as identified in Your answer to Interrogatory No. 6..

**Exhibit E**

**HARRIS COUNTY, TEXAS' FIRST SET OF REQUESTS FOR PRODUCTION TO**
**PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**                    **PAGE 11**

Dated: May 27, 2025

Respectfully submitted,

/s/ *Lauren Brogdon*
Lauren Brogdon, Attorney-in-Charge
Texas State Bar No. 24082736
S.D. Tex. Bar No. 1708833
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2006
Facsimile: (713) 236-5474
*lauren.brogdon@haynesboone.com*

Jonathan Fombonne
Deputy County Attorney and First Assistant
Harris County, Texas
Texas State Bar No. 24102702
S.D. Tex. Bar No. 3016436
1019 Congress Plaza, 15th Floor
Telephone: (713) 274-5101
Facsimile: (713) 755-8924
*jonathan.fombonne@harriscountytx.gov*

**ATTORNEYS FOR HARRIS COUNTY, TEXAS**

**OF COUNSEL:**

Mark Trachtenberg
State Bar No. 24008169
S.D. Tex. Bar No. 24584
Ryan P. Pitts
State Bar No. 24105941
S.D. Tex. Bar No. 3363232
Kaylen Strench
State Bar No. 24126549
S.D. Tex. Bar No. 3888809
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2006
Facsimile: (713) 236-5474
*mark.trachtenberg@haynesboone.com*
*ryan.pitts@haynesboone.com*
*kaylen.strench@haynesboone.com*

and

# Exhibit E

**HARRIS COUNTY, TEXAS' FIRST SET OF REQUESTS FOR PRODUCTION TO
PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**                      **PAGE 12**

John W. Turner
State Bar No. 24028085
S.D. Tex. Bar No. 29803
HAYNES AND BOONE, LLP
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5671
Facsimile: (214) 200-0780
*john.turner@haynesboone.com*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel for Plaintiffs by email on May 27, 2025.

*/s/ Ryan Pitts*
Ryan Pitts

# Exhibit E

**HARRIS COUNTY, TEXAS' FIRST SET OF REQUESTS FOR PRODUCTION TO
PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**                **PAGE 13**