**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Case No. 4:25-cv-00479 |
| HARRIS COUNTY, TEXAS, | § § § | |
| Defendants. | § § § § § | |

---

**DEFENDANT HARRIS COUNTY, TEXAS' SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**

---

TO:   Plaintiff Landscape Consultants of Texas, Inc., by and through its attorneys of record, Erin Wilcox and Laura D'Agostino, Pacific Legal Foundation, 555 Capitol Mall, Ste. 1290, Sacramento, CA, 95814.

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Harris County, Texas submits this second set of Requests for Production ("Requests") to Plaintiff Landscape Consultants of Texas, Inc. Plaintiff must respond to these Requests within thirty (30) days after service.

# Exhibit F

**HARRIS COUNTY, TEXAS' SECOND SET OF REQUESTS FOR PRODUCTION TO**
**PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**                                    **PAGE 1**

**Dated: March 17, 2026**　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ *Lauren Brogdon*
　　　　　　　　　　　　　　　　　　Lauren Brogdon, Attorney-in-Charge
　　　　　　　　　　　　　　　　　　Texas State Bar No. 24082736
　　　　　　　　　　　　　　　　　　S.D. Tex. Bar No. 1708833
　　　　　　　　　　　　　　　　　　HAYNES AND BOONE, LLP
　　　　　　　　　　　　　　　　　　1221 McKinney Street, Suite 4000
　　　　　　　　　　　　　　　　　　Houston, Texas 77010
　　　　　　　　　　　　　　　　　　Telephone: (713) 547-2006
　　　　　　　　　　　　　　　　　　Facsimile: (713) 236-5474
　　　　　　　　　　　　　　　　　　*lauren.brogdon@haynesboone.com*

　　　　　　　　　　　　　　　　　　Jonathan Fombonne
　　　　　　　　　　　　　　　　　　Harris County Attorney
　　　　　　　　　　　　　　　　　　Harris County, Texas
　　　　　　　　　　　　　　　　　　Texas State Bar No. 24102702
　　　　　　　　　　　　　　　　　　S.D. Tex. Bar No. 3016436
　　　　　　　　　　　　　　　　　　1019 Congress Plaza, 15th Floor
　　　　　　　　　　　　　　　　　　Telephone: (713) 274-5101
　　　　　　　　　　　　　　　　　　Facsimile: (713) 755-8924
　　　　　　　　　　　　　　　　　　*jonathan.fombonne@harriscountytx.gov*

　　　　　　　　　　　　　　**ATTORNEYS FOR HARRIS COUNTY, TEXAS**

**OF COUNSEL:**

| | |
|---|---|
| Mark Trachtenberg<br>State Bar No. 24008169<br>S.D. Tex. Bar No. 24584<br>HAYNES AND BOONE, LLP<br>1221 McKinney Street, Suite 4000<br>Houston, Texas 77010<br>Telephone: (713) 547-2006<br>Facsimile: (713) 236-5474<br>*mark.trachtenberg@haynesboone.com* | John W. Turner<br>State Bar No. 24028085<br>S.D. Tex. Bar No. 29803<br>HAYNES AND BOONE, LLP<br>2801 N. Harwood Street, Suite 2300<br>Dallas, Texas 75201<br>Telephone: (214) 651-5671<br>Facsimile: (214) 200-0780<br>*john.turner@haynesboone.com* |

## CERTIFICATE OF SERVICE

　　　I hereby certify that a true and correct copy of the foregoing document was served on counsel for Plaintiffs by email on March 17, 2026.

　　　　　　　　　　　　　　　　　　/s/ *Lauren Brogdon*
　　　　　　　　　　　　　　　　　　Lauren Brogdon

# Exhibit F

**HARRIS COUNTY, TEXAS' SECOND SET OF REQUESTS FOR PRODUCTION TO**
**PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**　　　　　　　　　　**PAGE 2**

## INSTRUCTIONS

In responding to these Requests for Production, please note the following instructions:

1.      You are to produce the Documents requested herein by delivering to counsel for Defendant either the originals or duplicates of the requested Documents, in the format required by the Federal Rules of Civil Procedure or as otherwise ordered by the Court.

2.      Unless otherwise agreed between the parties:

a.   All Documents existing in electronic format should be produced in single page TIFF imaged at a resolution of at least 300 dpi. Each TIFF image shall be named according to a unique corresponding bates number associated with the Document. Each image shall be branded according to the Bates number and the confidentiality designations defined in any protective order that may issue. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Email attachments shall be produced sequentially after the parent email. Each document production will be accompanied by two load files: (1) an image load file, and (2) a metadata load file.

b.   When it is impracticable for an electronic Document to be produced as a TIFF file, including because any information contained in the Document would be omitted, distorted, format, a party may produce the document in its native format. When the production of an electronic document, such as an excel Document, would lead to an excessive number of pages when converted to a TIFF file, such Document should be produced in its native format.

c.   Load files should include, where applicable, the following metadata: (a) Identifier: A unique production identifier of the item; (b) File Name: The original name of the item or file when collected from the source custodian or system; (c) Custodian: The name of the custodian or source system from which the item was collected; (d) Source Device: The device from which the item was collected; (e) Source Path: The file path from the location from which the item was collected; (f) Production Path: The file path to the item produced from the production media; (g) Modified Date: The last modified date of the item when collected from the source custodian or system; (h) Modified Time: The last modified time of the item when collected from the source custodian or system; and (i) Time Offset Value: The universal time offset of the item's modified date and time based on the source system's time zone and daylight savings time settings.

d.   Documents that are e-mail messages should contain these additional metadata Fields: (a) To: Addressee(s) of the message; (b) From: The e-mail address of the person sending the message; (c) CC: Person(s) copied on the message; (d) BCC: Person(s) blind copied on the message; (e) Date Sent:

# Exhibit F

**HARRIS COUNTY, TEXAS' SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**                                                    **PAGE 3**

Date the message was sent; (f) <u>Time Sent</u>: Time the message was sent; (g) <u>Subject</u>: Subject line of the message; (h) <u>Date Received</u>: Date the message was received; (i) Time Received: Time the message was received; and (j) <u>Attachments</u>: The Bates number ranges of e-mail attachments.

3.      Your objections and responses to each request, including the time to respond and content of each response, are subject to the requirements of Rules 26 and 34 of the Federal Rules of Civil Procedure.

4.      If no Documents or Things exist that are responsive to the request, You should specify that no Documents or Things exist.  If any Documents or Things requested have been lost, discarded, or destroyed, You should identify the Documents or Things so lost, discarded, or destroyed.

5.      Defendant requests that You provide all Documents in Your possession, custody, or control, including all Documents in the possession, custody, or control of You or Your attorneys, representatives, or agents. As used herein, "in Your possession, custody, or control" includes constructive possession where You have the right to compel production of the Document from a third party (including any agent, employee, attorney, accountant, or other representative).

6.      To the extent that the location of a Document called for by a request is unknown to You, please state that You lack knowledge of the Document's location.

7.      If any information or documents are withheld under a claim of privilege, exemption, or immunity from discovery, please identify the request to which You are asserting a claim of privilege, identify the privilege(s) You are asserting, and state whether You are withholding information or documents from production based upon the assertion of the privilege(s).

8.      Your obligation to respond to these requests is continuing and Your responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

# Exhibit F

**HARRIS COUNTY, TEXAS' SECOND SET OF REQUESTS FOR PRODUCTION TO**
**PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**                                              **PAGE 4**

## DEFINITIONS

Please observe the following definitions of words that may be used in these requests:

1. **"You", "Your", "Landscape Consultants of Texas, Inc.", "Landscape Consultants", or "Plaintiff"** means Landscape Consultants of Texas, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees of Landscape Consultants of Texas, Inc. acting in their capacity as such.

2. **"Harris County"** or **"Defendant"** means Harris County, Texas, and all departments, divisions, or other units thereof (including but not limited to the Harris County Toll Road Authority), and all officers and employees of Harris County, Texas (and all departments, divisions, or other units thereof) acting in their capacity as such.

3. **"Lawsuit"** means the above styled civil action, *Landscape Consultants of Texas, Inc. v. Harris County, Texas, et al.*; Civil Case No. 4:25-00479, pending in the United States District Court for the Southern District of Texas, Houston Division.

4. **"Complaint"** means Landscape Consultants' Complaint filed in this Lawsuit and any amendments thereto.

5. **"Harris County MWBE Program"** or **"MWBE Program"** means the Harris County Minority- and Woman-Owned Business Enterprise Program Policy adopted by order of the Harris County Commissioners Court on November 10, 2020.

6. The **"June 2020 Disparity Study"** refers to the disparity study prepared by Colette Holt & Associates and referenced in the Agenda of the Harris County Commissioners Court on November 10, 2020.

7. **"Metropolitan Landscape Management, Inc.", "Metropolitan Management", or "Metropolitan"** means Metropolitan Landscape Management, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees of Metropolitan Landscape Management, Inc. acting in their capacity as such.

8. **"Thompson Companies, Inc.", "Thompson Companies", or "Thompson Co."** means Thompson Companies, Inc. and all parents, subsidiaries, affiliates, assignees, predecessors, and successors in interest to such entity, as well as any officers, directors, owners, founders, or employees of Thompson Companies, Inc. acting in their capacity as such.

9. **"Related Entities"** means, collectively, Landscape Consultants, Metropolitan, and Thompson Companies.

10. **"Person"** means a natural person or entity of any type, including but not limited to, law firms, partnerships, corporations, associations, and other entities recognized in law, as well as divisions, departments, or other units thereof.

# Exhibit F

**HARRIS COUNTY, TEXAS' SECOND SET OF REQUESTS FOR PRODUCTION TO**
**PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**                    **PAGE 5**

11.     **"Communication(s)"** means the oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to, telephone, text message, instant message, social media, mail, e-mail, letter, and personal conversation(s).

12.     **"Document(s)"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13.     **"Thing(s)"** is used in the broadest sense to include everything contemplated by Fed. R. Civ. P. 34(a)(1)(B) and any applicable case law.

14.     The phrases **"relate to"**, **"related to"**, and **"relating to"**, or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

15.     Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

16.     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

17.     The use of a verb in any context shall be construed as the verb in all tenses. The plural shall include the singular and the singular shall include the plural.

18.     Each paragraph below shall operate and be responded to independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

## Exhibit F

**HARRIS COUNTY, TEXAS'**
**SECOND SET OF REQUESTS FOR PRODUCTION**

**Request for Production No. 32.**     All records reflecting the entity that employs each and every employee of the Related Entities and the basis for that determination (including but not limited to payroll records, W-2 forms, and 1099 forms), for any employee of the Related Entities from January 1, 2019, to the date of trial.  For avoidance of doubt, this includes, but is not limited to, the records of seasonal employees, contract or temporary employees, and full-time employees and includes Gerald Thompson, Theresa Thompson, Jeremy Thompson, and Lindsey Thompson.

**Response:**

**Request for Production No. 33.**     All federal and state tax returns, including all schedules and attachments, filed by or on behalf of any of the Related Entities from January 1, 2019, to the date of trial, including any consolidated income tax filings.

**Response:**

**Request for Production No. 34.**     All Documents relating to any agreements, whether formal or informal, between or among any of the Related Entities concerning the sharing, allocation, or transfer of employees, contractors, or personnel.

**Response:**

**Request for Production No. 35.**     All contracts, memoranda of understanding, or other agreements between a Related Entity and a third party for goods or services shared by two or more of the Related Entities between January 1, 2019 and present.

**Response:**

**Request for Production No. 36.**     All Documents establishing that the warehouse located at 12991 Elaine Road is a shared space between any of the Related Entities.

**Response:**

**Request for Production No. 37.**     All Documents establishing that the equipment stored at the warehouse located at 12991 Elaine Road is shared between the Related Entities.

**Response:**

**Request for Production No. 38.**     All Documents identifying the owner of the warehouse located at 12991 Elaine Road.

**Response:**

# Exhibit F

**HARRIS COUNTY, TEXAS' SECOND SET OF REQUESTS FOR PRODUCTION TO**
**PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.**                                    **PAGE 7**

**Request for Production No. 39.**     All Documents identifying the owner of any equipment stored at the warehouse located at 12991 Elaine Road.

**Response:**

**Request for Production No. 40.**     All insurance policies, including but not limited to general liability and workers' compensation policies, that cover employees or operations of Landscape Consultants.

**Response:**

**Request for Production No. 41.**     All insurance policies, including but not limited to general liability and workers' compensation policies, that cover employees or operations of Metropolitan.

**Response:**

**Request for Production No. 42.**     All insurance policies, including but not limited to general liability and workers' compensation policies, that cover employees or operations of Thompson Companies.

**Response:**

**Request for Production No. 43.**     All Documents relating to the potential consolidation, merger, rebranding, or other combination of any of the Related Entities with another entity.

**Response:**

**Request for Production No. 44.**     All contracts, memoranda of understanding, or other agreements entered into by Metropolitan or Thompson Companies with Harris County from January 1, 2019, to the date of trial.

**Response:**

**Request for Production No. 45.**     All Documents (including but not limited to logs, charts, schedules, spreadsheets, timesheets, sign-in sheets, and dispatch records) and Communications that reflect, record, or relate to the allocation, assignment, use, or deployment of a Related Entity's employees to any Harris County contract job site during the Relevant Period, including documents sufficient to show: (a) the identity of each employee assigned to each job; (b) the dates and times each employee was assigned to or worked at each job; (c) the total number of hours each employee worked on each job; (d) any changes or modifications to employee assignments for any job; and (e) which Related Entity was awarded the corresponding contract for the job.

**Response:**

**Request for Production No. 46.**     All Documents and Communications shared between a Related Entity and Allende Construction, LLC between January 1, 2019 and the date of trial.

**Response:**

# Exhibit F

**Request for Production No. 47.**    All Documents and Communications shared between a Related Entity and Ary's Landscaping, LLC between January 1, 2019 and the date of trial.

**Response:**

**Request for Production No. 48.**    All Documents and Communications shared between a Related Entity and X Scape Environmental, LLC between January 1, 2019 and the date of trial.

**Response:**

**Request for Production No. 49.**    All Documents and Communications shared between a Related Entity and Home Sweet Home, LLC between January 1, 2019 and the date of trial.

**Response:**

**Request for Production No. 50.**    All Documents and Communications shared between a Related Entity and USA Amtech between January 1, 2019 and the date of trial.

**Response**

**Request for Production No. 51.**    All Documents and Communications shared between a Related Entity and Monarch Landscaping d/b/a Montex between January 1, 2019 and the date of trial.

**Response**

**Request for Production No. 52.**    All Documents and Communications shared between a Related Entity and Lencas Tree Trimming between January 1, 2019 and the date of trial.

**Response:**

# Exhibit F